NO. 12-01-00043-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




THOMAS S. MACKIE,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


DAVID T. GUTHRIE,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Thomas S. Mackie ("Mackie") appeals the trial court's order granting final summary
judgment and award of attorneys' fees in favor of Appellee, David T. Guthrie ("Guthrie"). Mackie
raises three issues on appeal. We affirm.


Background

 Guthrie was the owner of one hundred percent of the outstanding capital stock of Reliable
Gas Company, Inc. ("Reliable"), a Texas Corporation. Guthrie, who was interested in selling the
assets of Reliable, was approached by Mackie, who, at the time, was a representative for Redmond-Derks, L.L.C. ("Redmond-Derks"). On November 14, 1996, Reliable and Redmond-Derks entered
into an agreement whereby Redmond-Derks would introduce prospective buyers to Guthrie as a
representative of Reliable and if Reliable was sold or if a similar business arrangement was entered
into between Reliable and such a prospective buyer, then Reliable agreed to pay Redmond-Derks
five percent of the purchase price (the "Redmond-Derks Contract"). Although Guthrie executed this
agreement on behalf of Reliable, it is unclear whether the Redmond-Derks Contract was ever
executed by a representative of Redmond-Derks. On March 6, 1997, Mackie delivered a new
intermediary agreement containing almost identical terms as the Redmond-Derks Contract (the
"Mackie Contract"). However, the Mackie Contract omitted reference to Redmond-Derks and listed
the parties as Reliable and Mackie. (1)

 In July 1997, Mallory Propane Company ("Mallory") entered into negotiations with Reliable
for the purchase of its assets and the purchase of Guthrie's Smith County real estate. (2) However, the
discussions did not bear fruit and on August 11, 1997, notice was sent to Redmond-Derks
terminating the Redmond-Derks contract. Following the termination of the Redmond-Derks
Contract, Mallory attempted to renew its previous negotiations with Reliable.

 On January 20, 1998, Mackie filed for Chapter 7 relief under the Bankruptcy Code. (3) Guthrie
was not listed as a creditor in Mackie's bankruptcy. The Mackie Contract was not listed in any of
Mackie's bankruptcy schedules as an asset of Mackie's estate. Further, Mackie's bankruptcy
Schedule G indicates that Mackie claimed no executory contracts.

 Following Mackie's bankruptcy filing, Guthrie entered into negotiations with the owner of
Mallory, Stanley Mallory, individually, for the sale of Guthrie's stock in Reliable and the sale of
Guthrie's home. Negotiations were successful and Guthrie and his wife executed and delivered to
Stanley Mallory a contract for the sale of certain real property including approximately 8.375 acres
of land, which was owned by Guthrie as his separate property. The sale of the aforementioned real
estate and Reliable stock by Guthrie to Stanley Mallory was closed on March 31, 1998.

 On October 14, 1998, Mackie submitted written demand to Stanley Mallory for $40,000.00,
and provided a copy to Guthrie. On November 16, 1998, Guthrie received a demand letter from an
attorney acting on behalf of Mackie for $40,000.00. In response, Guthrie filed the instant lawsuit
seeking a declaratory judgment determining his liability, if any, arising under the terms of the
Redmond-Derks Contract and/or the Mackie Contract. Guthrie asked the court to declare the Mackie
Contract void, unenforceable, canceled, terminated and/or non-existent because (a) it was executed
under false pretenses, (b) Mackie failed to perform pursuant to the terms of the agreement, (c) the
agreement was terminated by written notice on August 18, 1997, (d) Mackie was judicially estopped
from asserting the existence of any rights or claims under the terms of the Mackie Contract, and/or
(e) the contract, if any, was not assumed within sixty days of the date Mackie filed Bankruptcy. 
Mackie filed an original answer asserting a general denial and a counterclaim against Guthrie for
$40,000.00 and attorney's fees alleging that he had earned his commission upon his introduction to
Reliable of Mallory, which had purchased Reliable's business for $800,000.00.

 During the course of discovery, Guthrie served Mackie with requests for admission, to which
Mackie failed to timely respond. Subsequently, Guthrie filed a motion for summary judgment and
a no-evidence motion for summary judgment. Mackie failed to timely respond to Guthrie's motions
and after a period of approximately three months, the trial court entered an order granting final
summary judgment in favor of Guthrie and dismissed Mackie's counterclaim. (4)


Justiciable Intersest

 In his first issue, Mackie claims that the trial court erred in granting summary judgment in
Guthrie's favor because Guthrie, who was not an interested party to the Mackie Contract, had no
justiciable interest under the agreement. Mackie claims that Reliable, as the party to the Mackie
Contract, is the only party with a justiciable interest. Although at first glance, Section 37.004
appears to set forth a subject-matter jurisdictional hurdle, which could be raised for the first time on
appeal, it has been held that "the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem.
Code §§ 37.001-.011, is not a grant of jurisdiction, but 'merely a procedural device for deciding
cases already within a court's jurisdiction.'" Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex.
1996), citing State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994); Texas Ass'n of Business v. Texas
Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). Thus, Mackie's claim is not jurisdictional. 

 A pleading contending that the plaintiff is not entitled to recover in the capacity in which he
sues is required to be verified by affidavit. See Tex. R. Civ. P. 93(2). Parties who do not follow
the mandate of Rule 93 waive any right to complain about the matter on appeal. See Nootsie, Ltd.
v. Williamson Cty. Appr. Dist., 925 S.W.2d 659, 662 (Tex. 1996). In the case at hand, Mackie's
answer does not raise such a defense, nor is his answer verified by an affidavit. Thus, we conclude
that Mackie has waived his right to raise the issue on appeal that Guthrie is not entitled to recover
in his individual capacity under the Uniform Declaratory Judgment Act. Mackie's first issue is
overruled.


Summary Judgment Evidence

 In his second issue, Mackie contends that the trial court erred in granting a declaratory
judgment in favor of Guthrie because there was no summary judgment evidence of any agreement
to which Mackie is a party. Generally, a non-movant to a motion for summary judgment who fails
to respond, may not raise disputed factual issues on appeal. See Yancy v. City of Tyler, 836 S.W.2d
337, 341 (Tex. App.- Tyler 1992, writ denied). However, the movant must still establish its
entitlement to a summary judgment on the issues by conclusively proving all essential elements of
its cause of action as a matter of law. See City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678 (Tex. 1979). Consequently, a non-movant needs not respond to the motion for
summary judgment to contend on appeal that the grounds expressly presented to the trial court by
the motion are insufficient as a matter of law to support summary judgment. Id.  Mackie divides his
second issue into four separate sub-issues making 'no evidence' legal sufficiency challenges to the
trial court's findings. Each of Mackie's sub-issues will be addressed individually below.

 Mackie first argues that there was no pleading or proof of any agreement between Mackie
and Guthrie in Guthrie's individual capacity. Mackie reiterates the distinction between Guthrie
individually and Reliable, arguing that it was erroneous for the trial court to find that there was an
agreement between Mackie and Guthrie "suitable for a declaratory judgment." Mackie's argument
simply rehashes the same contention raised in his first issue, which we have held was waived by
Mackie's failure to properly raise this issue by verified pleadings pursuant to Texas Rule of Civil
Procedure 93(2).

 Mackie next argues that the trial court's finding of any agreement involving Mackie is
erroneous because Guthrie failed to make the Mackie Contract part of the summary judgment record. 
However, in its order granting final summary judgment, the trial court specifically found that "the
summary judgment evidence supports and establishes as a matter of law that the contract (if any
existed) between Plaintiff and Defendant was terminated by written notice on or about August 18,
1997...." Thus, the trial court did not make a finding that there was a contract. Rather, the trial court
found that the existence of a contract was immaterial because if indeed a contract did exist, it was
subsequently terminated.

 Mackie further contends the trial court's finding that the agreement between Plaintiff and
Defendant was terminated by written notice on or about August 18, 1997 is unsupported by any
competent summary judgment evidence. Mackie's basis for his contention are twofold. First,
Mackie reiterates his argument that there was no contract with Guthrie in his individual capacity. 
We reiterate that Mackie has waived this issue on appeal. See Tex. R. Civ. P. 93(2). Second,
Mackie contends that the written notice referred to by Guthrie is not attached as an exhibit to his
affidavit and that Guthrie's statement that the agreements were "terminated" is a legal conclusion
that will not support summary judgment. However, there is evidence that "any agreement between
Mackie and Guthrie or between Mackie and Reliable was terminated by written notice on or about
August 18, 1997." Such evidence took the form of a deemed admission, which is competent
summary judgment evidence. See Tex. R. Civ. P. 166a(c). Thus, despite the fact that no written
notice of termination was attached to Guthrie's affidavit, there existed competent summary judgment
evidence to support the trial court's finding on this issue.

 Mackie finally contends that there is no competent summary judgment evidence concerning
what effect, if any, Mackie's bankruptcy had on Guthrie's (or Reliable's) rights in this case. 
Mackie's argument is apparently based on the contention that the evidence regarding bankruptcy
disclosures, which was set forth in deemed admissions, is not competent summary judgment
evidence because of Guthrie's failure to define the term "Intermediary Agreement-Seller." However,
a review of the request for admissions in conjunction with the attached bankruptcy schedules,
specifically, Schedule G, clearly demonstrates, despite the absence of a definition of the term
"Intermediary Agreement-Seller," what the effect of Mackie's bankruptcy was on parties' rights in
this case. 11 U.S.C. § 365(d)(1) creates a statutorily deemed "rejection" of an executory contract
in a Chapter 7 case if it is not assumed within 60 days of bankruptcy. The effect of that rejection is
a breach of the underlying agreement. See 11 U.S.C. § 365(g) (West Supp. 2001); see also In re
National Gypsum Company, 208 F.3d 498, 505 (5th Cir. 2000). In the case at hand, Schedule G
of Mackie's bankruptcy requested a description of all executory contracts (5) of any nature. Mackie
indicated, under penalty of perjury, that he had no executory contracts. Moreover, there is a deemed
admission to the effect that "Mackie did not assume any agreement with [Reliable] or Guthrie within
the time required by 11 U.S.C. § 365(d)(1)." Thus, the effect of the bankruptcy evidence on
Guthrie's and Reliable's rights in this case is clear. By his failure to denote any executory contracts
on his bankruptcy Schedule G coupled with his deemed admission (6) that no agreements whatsoever
had been assumed within the time period provided by 11 U.S.C. § 365(d)(1), Mackie, as a matter of
law, breached his contracts, if any, with Guthrie and/or Reliable. Therefore, Mackie's final
contention on this issue is without merit. Accordingly, Mackie's second issue is overruled.


Attorney's Fees

 In his third issue, Mackie claims that the trial court erred in awarding attorney's fees to
Guthrie because Guthrie had no justiciable interest, and thus, was not entitled to a declaratory
judgment. As set forth above, Mackie has waived this issue on appeal. See Tex. R. Civ. P. 93(2). 
Mackie's third issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 LEONARD DAVIS 

 Chief Justice



Opinion delivered September 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


(PUBLISH)


1. In his original petition, Guthrie pleads that although his signature appears on the Mackie contract, he does
not recall ever signing such an agreement.
2. While Guthrie does not seem to directly contest the implication that Mackie had a hand in bringing
Reliable and Mallory together for the purposes of negotiations, Guthrie alleges in his original petition that he and
Stanley Mallory had been acquaintances for many years.
3. Mackie's bankruptcy case is styled In re: Thomas Sterling Mackie, Debtor; Case No. 398-30556-RCM-7; in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.
4. Mackie does not challenge the dismissal of his counterclaim on appeal.
5. The term "executory contract" generally includes contracts on which performance remains due to some
extent on both sides. H.R. Rep. No. 595, 95th Cong., 1st Sess. 347 (1977). The aforementioned definition, the
"Countryman definition," was expressed as follows: "a contract under which the obligation of both the bankrupt and
the other party to the contract are so far unperformed that the failure of either to complete performance would
constitute a material breach excusing performance of the other." Countryman, Executory Contracts in Bankruptcy,
57 Minn. L. Rev. 439, 446 (1973); see also 3 Collier on Bankruptcy ¶ 365.01[1], Page 365-17 (15th ed. 1989).
6. We note that Request for Admission Number 6, on which our analysis is, in part, based, does not make use
of the term "Intermediary Agreement-Seller," which Mackie complains is not defined.