**J. D. LAY, Appellant,**

v.

**AETNA INSURANCE COMPANY, Appellee.**

**No. 13142.**

Court of Civil Appeals of Texas, Austin.

May 21, 1980.

Rehearing Denied June 11, 1980.

William W. McNeal, Austin, for appellant.

George H. Spencer, George H. Spencer, Jr., Clemons, Spencer, Welmaker & Finck, San Antonio, for appellee.

SMITH, Justice.

Appellant, J. D. Lay, was employed by J. & J. Oil Venture to ascertain the proper location for, and supervise the drilling of, an oil well on a lease belonging to J. & J. in Caldwell County. At appellant's direction, a site was located, a well drilled, and production actually brought in. Subsequently, after J. & J. had expended some $40,000 in expenses on the well, it was discovered that, due to appellant's error in reading the surveyor's stakes, the well had been located and drilled on an adjoining tract not under lease to J. & J. A settlement was reached with the adjoining landowner, Jerry Sauer, whereby J. & J. purchased an assignment of the drilling rights on the property where the well was located. In turn, J. & J. brought suit against appellant to recoup its losses incurred as a result of the negligent location of the well on the wrong lease.

Appellant called upon his liability insurer, appellee Aetna Insurance Company, under its coverage of him in a valid general liability insurance policy, to defend the suit against him. Appellee refused and denied coverage on the grounds that the incident in question was not an "occurrence," nor was the suit one for the recovery of "property damage," as those terms are defined by the policy.

Appellant then acquired his own counsel and the cause proceeded to trial. After trial to the court, judgment was entered against appellant in the amount of $34,-034.56, plus interest and court costs.

Subsequently, appellant brought this suit praying for a determination that he was covered by the provisions of the insurance policy and that he was entitled to indemnification for the amount of the judgment entered against him in the previous suit. From an adverse judgment, appellant now appeals to this Court.

Appellant was issued Aetna's Policy Number CG–30–48–94, a "Comprehensive General Liability Insurance" policy, which provided:

"The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

A. *bodily injury* or

B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*. . . ." (Emphasis supplied)

Assuming, *arguendo*, that the drilling of the well in the wrong location was an "occurrence" within the meaning of the insurance policy, appellant must also show that this "occurrence" resulted in "property damage."

"Property damage" is defined by the policy as:

". . . (1) physical injury to or destruction of tangible property which occurs during the policy period, including loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period." (Emphasis supplied)

Appellant sought indemnification for the following damages awarded to J. & J. Oil Venture in the previous judgment:

(1) $15,750 for purchase of an assignment of the portion of the lease upon which the well was drilled;

(2) $1,640.56 for attorney and surveyor fees; and

(3) $16,644 for the loss of approximately 1500 barrels of oil to adjacent wells caused by delay in getting the well into production.

■ Language used in insurance policies is given its usual and popular meaning unless it is ambiguous or it is shown that the parties intended it to have a special meaning. *Northwestern National Life Insurance Company v. Black*, 383 S.W.2d 806 (Tex.Civ. App.—Texarkana 1964, writ ref'd n. r. e.).

■ "Tangible property" is commonly understood to be property that is capable of being handled or touched. *Erwin v. Steele*, 228 S.W.2d 882 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.); *Bismarck Tribune Co. v. Omdahl*, 147 N.W.2d 903 (N.D.1966). It has also been defined as ". . . such property as may be seen, weighed, measured, and estimated by the physical senses." 73 C.J.S. *Property* § 5 (1951).

The purchase of the assignment and the payment of attorney and surveyor fees were not injury to, destruction of, or loss of use of "tangible property." The purchase of the assignment was an economic transaction involving the exchange of money for the privilege of drilling and producing oil. Likewise, the attorney and surveyor fees were merely expenses necessarily incurred in the process of negotiating and acquiring the lease from Sauer.

There was also no injury to, destruction of, or loss of use of "tangible property" in J. & J.'s loss of oil to adjacent wells.

J. & J.'s "First Amended Original Petition" states:

"4. . . . Because of the delay attendant to the negotiations with the owner of the lease, Plaintiff was unable to begin production of oil from such well for a period of many months, although the well had been fraced and was being drained by an adjacent well. Because of the delay in getting the well into production, approximately 1500 barrels of oil were lost by Plaintiff to adjacent wells, which caused Plaintiff a monetary loss of $16,644 Dollars."

We have some doubt as to whether, under the "rule of capture," the owner of the property would have a cause of action for damages arising out of lawful drainage of oil from an adjoining well. *Halbouty v. Railroad Commission*, 163 Tex. 417, 357 S.W.2d 364 (1962). However, it is certain that J. & J. did not.

■ A cause of action for injury to real property accrues when the injury is committed. *Wichita County Water Improvement District No. 1 v. Pearce*, 59 S.W.2d 183 (Tex.Civ.App.—Fort Worth 1933, no writ). It is a personal right which belongs to the person who owns the property at the time of the injury. *Bowie Sewerage Co. v. Vann*, 59 S.W.2d 180 (Tex.Civ. App.—Fort Worth), *modified*, 127 Tex. 97, 90 S.W.2d 561 (1936). Without express provision, the right does not pass to a subsequent purchaser of the property. *Gulf, C. & S. F. Ry. Co. v. Provo*, 84 S.W. 275 (Tex.Civ.App.—Austin 1904, no writ). Accordingly, a mere subsequent purchaser cannot recover for an injury committed before his purchase. *City of Dallas v. Winans*, 262 S.W.2d 256 (Tex.Civ.App.—Dallas 1953, no writ); *Bowie Sewerage Co. v. Vann, supra.*

J. & J.'s petition sought damages for injury to property to which it had no claim when the injury occurred. Any cause of action for damage to the property belonged to the owner at the time of the injury. It did not pass to J. & J. by its subsequent acquisition of the mineral estate. Accordingly, J. & J. never had a cause of action for injury to the property stemming from drainage to adjoining wells.

■ Appellee's duty to defend ". . . is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations." *Argonaut Southwest Insurance Company v. Maupin*, 500 S.W.2d 633 (Tex.1973).

■ As J. & J. alleged no cause of action against appellant for injury to, destruction of, or loss of use of "tangible property,"

there was no "property damage," as that term is defined in appellee's Comprehensive General Liability Insurance Policy. There being no "property damage," appellee had no duty to defend appellant, and, in turn, appellant has no right to indemnification for the amount of the judgment entered in favor of J. & J. in the previous suit.

Accordingly, the judgment of the district court that appellant take nothing is affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.