**Jerry YANCY, Gardner Hart and Pleasant Retreat Club Lake, Inc., Appellants,**

v.

**CITY OF TYLER, Texas and Universal Resources Corporation, Appellees.**

No. 12–91–00181–CV.

Court of Appeals of Texas, Tyler.

Aug. 17, 1992.

Rehearing Denied Aug. 17, 1992.

Randy Gilbert, Tyler, for appellants.

Douglas McSwane, Michael E. Starr, Dennis Black, Tyler, for appellees.

## OPINION ON REHEARING

BILL BASS, Justice.

In an unpublished opinion dated June 18, 1992, this Court reversed the trial court's entry of summary judgment against Appellants. Thereafter, on July 3, 1992, Appellee Universal Resources Corporation ("Universal") filed a motion for rehearing. We grant the motion for rehearing, withdraw our opinion of June 18, 1992, and substitute the following.

This appeal arises from the trial court's granting of summary judgments to Appellees City of Tyler and Universal Resources Corporation ("Appellees"). The trial court granted Universal's motion for summary judgment on the basis that Appellants' suit for permanent injuries to land was barred by the two-year statute of limitations. Thereafter, the City of Tyler ("City") sought and received summary judgment on the same grounds. We will affirm the trial court's summary judgment in favor of Universal and reverse the trial court's summary judgment awarded to the City.

The facts giving rise to the lawsuit are briefly as follows. The City executed an oil and mineral lease to Universal. This lease covered the Pounds Field Airport in Smith County, Texas. Thereafter, in January of 1985, Universal drilled a well, but no production was obtained. Appellants' original petition alleged that at the time the well was drilled, "there was a culvert that ran from the top elevation of the airport property to the natural water course" which flowed onto Appellants' property. Appellants further alleged that: (1) during or after drilling operations, Universal damaged or displaced a section of the culvert's tile; (2) thereafter, a washout took place at that section of the culvert changing and increasing the flow of ground water onto Appellants' land; (3) this change and increase in water-flow has caused large quantities of sand, silt and sediment to wash onto their property and into their lake; (4) these deposits have "substantially

decreased the depth of the lake and significantly damaged its beauty, area, and environmental habitat"; and (5) where the lake water was once clear, it is now "murky and unsightly." The Appellants further complained that:

"[The] CITY of TYLER, TEXAS failed to take any steps to correct the problem for nearly one (1) year after its discovery so as to prevent such unnatural successive flow of surface water onto the Plaintiff's property, all which damaged the Plaintiff's property *after each rain* during the years on the Pounds Field Airport land." (Emphasis added.)

Appellants filed suit on February 23, 1989, seeking relief in the form of "monetary damages equavalent [sic] to the cost of restoring the property to its condition prior to the acts complained of." Appellants later amended their petition to include a claim for exemplary damages.

■■■ In a summary judgment proceeding based on expiration of the limitations period, the movant for summary judgment has the burden of showing that suit is barred by limitations as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Moreover, in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true, every reasonable inference will be indulged in favor of the non-movants and any doubts will be resolved in their favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985); *Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 528 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

■■■ On appeal, Appellants raised two points of error. The first point, alleges that the trial court erred in granting summary judgment because the statute of limitations was "tolled" until Appellants discovered the damage. Appellants, citing *Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex.1977), rely on the traditional statement of the discovery rule. However, in a suit for permanent injury to land, the cause of action accrues for limitation purposes upon discovery of the first actionable inju-ry. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984); *Corley v. Exxon Pipeline Co.*, 821 S.W.2d 435, 437 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Here, suit was filed on February 25, 1989. Appellees' summary judgment evidence shows that Appellants first became aware of the injury at issue in "January and February of 1987," more than two years after discovery of the first actionable injury.

Appellants, citing *Jones v. Cross*, 773 S.W.2d 41, 42–44 (Tex.App.—Houston [1st Dist.] 1989, writ denied), allege that since Appellees failed to establish the exact date on which their cause of action accrued, they failed to meet their summary judgment burden of proof. We disagree. *Cross* dealt with the limitations period in a medical malpractice suit, and the proposition cited therein is inapplicable to the instant suit. Appellants first point of error is overruled as to both Appellees.

■■■ Appellants' second point of error alleges that the trial court erred in granting summary judgment because "a material issue of fact exists regarding the temporary nature of the damages and the application of the statute of limitations." Although not mentioned in its brief, Universal, on motion for rehearing points out that this "fact issue" was not raised in Appellants' response to *Universal's* motion for summary judgment, and thus cannot be raised for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676–77 (Tex.1979). In *Clear Creek*, the court held that "issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." *Id.* at 677. That court also stated that a non-movant need not respond to the motion in order to contend on appeal that the grounds *expressly presented in the motion* to the trial court are insufficient to support the judgment as a matter of law. *Clear Creek* at 678.

At the outset, we note that Appellants' original and amended petitions may be read to contain a cause of action and prayer for monetary damages alleged to result from temporary injuries to land. Universal's

summary judgment motion made no attempt to defeat the petition on the basis that the claim for temporary injury was barred. Had Appellants challenged the legal sufficiency of Universal's summary judgment evidence on the basis that it failed to defeat Appellants' cause of action for temporary injuries, the point would have been properly before this Court even though it was not raised in a responsive pleading at the trial court level. *See Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983) (and its progeny, holding that "[i]t is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding"). In summary, a non-movant is limited to "matters of law" issues on appeal unless disputed factual issues are specifically raised in the response to the summary judgment below. Here, Appellants couched their second point of error in terms of an unpreserved "material fact issue" (the characterization of the type of injury as permanent or temporary) instead of raising the "matter of law" issue available to them (Universal's failure to dispose of Appellants' cause of action for *temporary* injury to land). Consequently, they have not preserved their point for appellate review. Appellants' second point of error is overruled as to Universal.

As to the City, we must sustain Appellants' second point of error. Unlike its response to Universal's motion for summary judgment, Appellants' response to the City's motion for summary judgment asserted that a material fact issue existed as to the temporary damages issue; thus, the point was preserved for appeal as it relates to the City.

▆▆▆ The characterization of an injury as permanent or temporary is determined by the continuum of the injury. *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex.1978).

Permanent injuries are constant and continuous. *Id.* They result "from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely." *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). Conversely, temporary injuries are sporadic and contingent upon some irregular force *such as rain*. *Kraft*, 565 S.W.2d at 227; *Atlas Chemical Indus. v. Anderson*, 524 S.W.2d 681, 685 (Tex.1975); *Abbott v. City of Princeton, Texas*, 721 S.W.2d 872, 875 (Tex.App.—Dallas, 1986, writ ref'd n.r.e.).[1] "[I]njuries stemming from intermittent and recurrent events and contingent upon an irregular force such as rain are regarded as temporary injuries." *Abbott*, 721 S.W.2d at 875. Additionally, where the injuries are temporary, a court may enjoin the injury-causing activity. "An injury which can be terminated cannot be a permanent injury." *Kraft*, 565 S.W.2d at 227.

▆▆▆ A party cannot recover damages for both permanent and temporary damages in a single action because the concepts of permanent and temporary injuries are mutually exclusive. *Kraft*, 565 S.W.2d at 227. Similarly, the measure of damages for each type of injury is different. Where land is found to have been permanently injured, the landowner is entitled to recover the difference in the value of the property before and after its injury. *Bayouth*, 671 S.W.2d at 868; *Kraft*, 565 S.W.2d at 227. However, damages for temporary injury are equivalent to the amount of damages that accrued during the continuance of the period for which the action is brought. *Bayouth*, 671 S.W.2d at 868.

▆▆▆ Permanent and temporary damages are further distinguished by the inception of the cause of action. An action for permanent damages to land accrues for limitation purposes upon the date of discovery of the first actionable injury, not on the date the damages to the land are fully

---

1. See *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (defendants' summary judgment was overturned on the ground that there was a fact issue as to whether the saltwater migration from defendant's oil leases onto plaintiff's land had caused permanent or temporary injury); *Kraft v. Langford*, 565 S.W.2d at 227 (classifying damages to land caused by excessive water spill from neighboring storm drainage system as temporary in nature); *Abbott v. City of Princeton, Texas*, 721 S.W.2d 872, 875 (holding that flood damage to plaintiff's land caused by City's construction of street was temporary in nature).

ascertainable. *Bayouth,* 671 S.W.2d at 868; *Hues,* 814 S.W.2d at 529; *Abbott* 721 S.W.2d at 875. Thus, an action to recover damages for permanent injury to land must be brought within two years from the date of discovery of the injury. *Bayouth,* 671 S.W.2d at 868; Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a). In contrast, since temporary damages are transient in nature, an action for this type of injury to land may be brought for injuries sustained during the two years prior to filing of the suit. *Anders v. Mallard and Mallard, Inc.,* 817 S.W.2d 90, 93–94 (Tex.App.—Houston [1st Dist.] 1991 no writ); *Abbott,* 721 S.W.2d at 875.

■ As stated above, Appellants' petition and amended petition state a cause of action for temporary injuries. The City based its motion for summary judgment on the presumption that Appellants' cause of action was for permanent injuries, and it set forth evidence that proved Appellants' suit for "permanent" injury to land was barred by the two-year statute of limitations. The motion was silent as to the issue of temporary injuries to land. While we are well aware that Appellants' pleadings do not constitute summary judgment evidence, the motion for summary judgment and supporting evidence must be analyzed in light of the pleadings to ensure that the motion effectively defeats every cause of action raised in the petition. *Chessher,* 658 S.W.2d at 564. While the City's summary judgment evidence establishes that Appellants' cause of action, if any, for permanent injuries is barred by limitations, it fails to establish as a matter of law that Appellants' alleged injuries were permanent in nature. Thus, the City's summary judgment proof failed to defeat Appellants' cause of action for alleged temporary injuries to their property. Given the cases cited above, we find that there is a disputed issue of material fact which precludes summary judgment. Appellants' second point of error is sustained as to the City.

We affirm the trial court's summary judgment as to Universal and reverse the trial court's summary judgment as to the City of Tyler.