Allen COOK, Appellant,

v.

EXXON CORPORATION, Appellee.

No. 06–03–00131–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 25, 2004.

Decided Sept. 10, 2004.

Ron Adkison, Wellborn, Houston, et al, Henderson, for appellant.

M. Keith Dollahite, Tyler, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Allen Cook sued Exxon Corporation for trespass and nuisance due to oilfield equipment that had been left on the property before he purchased that property. Exxon filed a motion for summary judgment alleging that Cook lacked standing, that Exxon had no contractual or tort duty to remove the disputed items, that Cook failed to present any evidence of damages, and that the statute of limitations barred

Cook's suit. Cook appeals the granting of the summary judgment motion. We affirm.

In his first point of error, Cook contends the trial court erred in concluding he lacked standing. Cook argues, in his remaining points of error, that the question of whether the lease imposes a duty on Exxon is irrelevant to his nuisance claim, that his tort claims are not barred by the statute of limitations, that Exxon is committing a continuing tort, and that there is evidence he suffered damages.

This opinion follows the precedent established by this Court in *Denman*, as well as the precedent of our sister courts in *Pluff* and *Senn*.[1] We further explain why the characterization of an injury as temporary or permanent is not relevant under these circumstances. The first section of our opinion examines why Cook lacks standing to pursue this cause of action regardless of whether the injury was permanent or temporary. We first examine the holdings in *Denman*, *Pluff*, and *Senn*. Second, we explain Cook's argument that a subsequent landowner may have standing to pursue a claim for a temporary injury. Next, we examine the differences between temporary and permanent injuries. Even if Cook's injury is temporary, Cook still does not have standing because he has not sustained any new injuries since he has owned the property. A landowner lacks standing to sue if the injury occurs before he owned the property, his or her deed contains no assignment of the cause of action, and there is no evidence of a new injury since the current landowner has owned the property. The second section of our opinion addresses whether there is any evidence of a continuing tort. We determine Cook has failed to produce more

than a scintilla of evidence this injury is a continuing tort. Because these issues are dispositive, we decline to examine the remaining points of error.

### Factual Background

In 1930, H.A. and Callie Piercy executed an oil and gas lease on the land in question. Humble Oil and Refining Company (predecessor of Exxon) developed the lease in the 1930s and drilled a number of oil wells on the land. On or about April 17, 1990, Exxon ceased operations on the property and assigned the lease to 4–Sight Operating Company. Cook stated that to his knowledge Exxon had not conducted activities related to oil and gas production on the land in question after December 1, 1991.

In May 1994, Cook contracted to buy from the Piercy family the surface estate of the property in dispute. Before closing the purchase, Cook received the commitment for a title policy, which disclosed the oil and gas lease entered into by the Piercys in 1930. On May 23, 1994, the Piercys executed and delivered a general warranty deed to Cook conveying the surface estate of the property in question.

In March 2000, Cook filed suit against Exxon, alleging breach of contract, negligence, excessive use, nuisance, and trespass in connection with abandoned oilfield equipment left on his property. In his suit, Cook complained about concrete derrick corners, concrete equipment pads, and other miscellaneous debris at the sites of plugged and abandoned oil wells. Cook stated these materials were probably installed before 1950. Cook also complained the ground was not level where some old pits had been located. The trial court

---

1. *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728 (Tex.App.-Texarkana 2003, no pet.); *Exxon Corp. v. Pluff*, 94 S.W.3d 22 (Tex.App.- Tyler 2002, pet. denied); *Senn v. Texaco, Inc.*, 55 S.W.3d 222 (Tex.App.-Eastland 2001, pet. denied).

granted Exxon's motion for summary judgment. Cook appeals.

### Standard of Review

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Wilkinson v. Dallas/Fort Worth Int'l Airport Bd.*, 54 S.W.3d 1, 12 (Tex.App.-Dallas 2001, pet. denied). Exxon's motion for summary judgment alleged (1) that there was no evidence Cook had standing to sue, (2) that Exxon had no tort or contract duty to Cook, (3) that Cook suffered no damages, (4) that the two-year statute of limitations barred any possible tort claim, and (5) that the four-year statute of limitations barred any possible contract claim.

 A no-evidence summary judgment is essentially a pretrial motion for a directed verdict. We therefore apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex.2003); *Wal–Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Rodriguez*, 92 S.W.3d at 506; *Woodruff v. Wright*, 51 S.W.3d 727, 734 (Tex.App.-Texarkana 2001, pet. denied).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the

> evidence conclusively establishes the opposite of the vital fact.

*King Ranch, Inc.*, 118 S.W.3d at 751. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc.*, 118 S.W.3d at 751; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex.App.-Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711.

### Cook Lacks Standing

The circumstances of this case are nearly identical to those this Court examined in *Denman*, 123 S.W.3d 728. In *Denman*, this Court held that a landowner lacks standing to sue for injury to real property when any injury occurred before the landowner acquired the property, his or her deed contains no assignment of any cause of action, and there is no evidence of a new injury since the current landowner has owned the property. *Id.* at 734–35. Similar to *Denman*, Cook lacks standing to bring this cause of action.

 Standing is a necessary component of subject-matter jurisdiction, which is essential to the authority of the court to decide a dispute. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993). The determination of subject-matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928

(Tex.1998). Accordingly, we review de novo the trial court's determination of standing. *See id.*

■■■ Only the person whose primary legal right has been breached has standing to seek redress for an injury. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex.1976). Stated differently, a person has standing to sue only when he or she is personally aggrieved by an alleged wrong. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996). "Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate." *Denman*, 123 S.W.3d at 732; *Brunson v. Woolsey*, 63 S.W.3d 583, 587 (Tex.App.-Fort Worth 2001, no pet.).

■■■ Cook must have a cause of action for injury to the property in order to have standing. *Denman*, 123 S.W.3d at 732; *see Nobles*, 533 S.W.2d at 927. The cause of action for an injury to property belongs to the person owning the property at the time of the injury. *Abbott v. City of Princeton*, 721 S.W.2d 872, 875 (Tex.App.-Dallas 1986, writ ref'd n.r.e.); *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex.Civ. App.-Austin 1980, writ ref'd n.r.e.). Without express provision, the cause of action does not pass to a subsequent purchaser of the property. *Abbott*, 721 S.W.2d at 875; *Lay*, 599 S.W.2d at 686. Without such an express provision, a subsequent purchaser cannot recover for an injury committed before his or her purchase. *Lay*, 599 S.W.2d at 686.

Exxon relies on *Denman*, *Pluff*, and *Senn*. All three of these cases held that the cause of action for injuries to property belongs to the owner of the property at the time of the alleged injuries and that subsequent purchasers lack standing to sue, absent an express provision in the deed granting them that power. *Denman*, 123 S.W.3d at 734; *Pluff*, 94 S.W.3d at 28;

*Senn*, 55 S.W.3d at 226. In *Senn*, the Eastland Court of Appeals regarded the distinction between temporary and permanent injuries as meaningless with respect to the issue of standing. *Senn*, 55 S.W.3d at 226. The court found that "[a]ny injury to the land that the defendants might have caused, whether temporary or permanent, occurred prior to the Senns' purchase of the land" and the Senns, therefore, did not own any causes of action for either type of injury that may have been caused by the defendants. *Id.* The Tyler Court of Appeals and this Court followed the reasoning of the Eastland Court of Appeals. *Denman*, 123 S.W.3d at 734–35; *Pluff*, 94 S.W.3d at 28. Cook argues that *Denman*, *Pluff*, and *Senn* are incorrect because a subsequent owner does have standing if the injury is temporary.

In *Senn*, several oil and gas producers allegedly caused permanent and temporary injuries to a ranch by contaminating the aquifer underlying the land. *Senn*, 55 S.W.3d at 224. The Senns purchased the property after all the drilling and production activities of the defendant producers had ceased. *Id.* at 224–25. The Eastland Court of Appeals relied on the following well-established rule:

> Where injury to land results from a thing that the law regards as a permanent nuisance, the right of action for all the damages resulting from the injury accrues to the owner of the land at the time the thing that causes the injury commences to affect the land.

*Id.* at 225 (quoting *Vann v. Bowie Sewerage Co.*, 127 Tex. 97, 90 S.W.2d 561, 562 (1936)). Based on this principle applicable to permanent nuisances, the court found the Senns lacked standing to bring suit for any type of injury to the land, whether permanent or temporary, that occurred before their purchase. *Senn*, 55 S.W.3d at

226. In *Senn*, the Eastland Court of Appeals regarded the distinction between temporary and permanent injuries as irrelevant with respect to the issue of standing. *Id.* The court noted that, while the rule in *Vann* may seem harsh as applied to the Senns, the Senns could have avoided its application by bargaining for an assignment of the prior owner's possible causes of action for injuries to the land that occurred before the purchase, insisting that the sellers give them warranties about the condition of the land in the deed, or performing a more thorough inspection of the land. *Id.*

In *Pluff*, a landowner sued Exxon based on the oil company's failure to remove all of the oilfield materials used in the drilling and operation of oil wells on his property before his purchase of the land. *Pluff*, 94 S.W.3d at 26. All of the oilfield materials were on the property on the date of Pluff's purchase, which was after the cessation of Exxon's drilling and production activities on the property. *Id.* at 27. The subsequent landowners lacked standing because they had failed to show that any injury occurred during their ownership of the land. *Pluff*, 94 S.W.3d at 28. In adopting the reasoning of the Eastland Court of Appeals' decision in *Senn*, the Tyler Court of Appeals held that, "in determining standing, the *characterization* of the injury [is] not important; it [is] the *fact* of injury that [is] critical." *Id.* The court concluded that the undisputed evidence "showed a continuing condition that already existed on the date of purchase," and "[w]ithout a new injury that occurred after they purchased the property or an assignment of a cause of action for the prior injury, the [plaintiff] had not been aggrieved and therefore had no standing." *Id.*

In *Denman*, this Court followed both *Senn* and *Pluff*, and held that, when any injury to a landowner's property occurred before the purchase, and the deed contains no assignment of any cause of action, the landowner lacks standing to sue. *Denman*, 123 S.W.3d at 734–35. The Denmans sued Citgo for removal of concrete pillars, deadmans,[2] and asbestos-covered pipelines on their land. *Id.* at 731. They alleged Citgo had ongoing operations on the property, but failed to introduce evidence raising a fact issue concerning that allegation. *Id.* at 734. The court in *Denman* noted that Citgo had sold the pipeline in dispute and that there was no evidence Citgo had any ongoing operations on the property. *Id.* The court in *Denman* concluded that the Denmans lacked standing to sue when "any injury to their property occurred before they purchased it and their deed contains no assignment of any cause of action." *Id.*

Cook argues there is a fact issue concerning standing because the injury is temporary. Cook contends that, if the injury is temporary, he has standing to pursue the claim. In *Senn*, the Eastland Court of Appeals regarded the distinction between temporary and permanent injuries as meaningless with respect to the issue of standing. *Senn*, 55 S.W.3d at 226. We note that the Eastland Court of Appeals relied on a case which concerned a permanent nuisance. *See id.* at 225 (quoting *Vann*, 90 S.W.2d at 562)

▓▓▓ There are significant differences between a permanent and temporary injury. "Temporary injuries give rise to temporary damages, which are the amount

---

**2.** "Deadman" in the oil industry refers to a timber or concrete block buried in the ground to which guy or stay wires are attached in order to secure derricks. *See Grimes v. Goodman Drilling Co.*, 216 S.W. 202, 203 (Tex.Civ. App.-Fort Worth 1919, writ dism'd).

of damages that accrued during the continuance of the injury covered by the period for which the action is brought." *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). While a cause of action for a permanent injury accrues on the date of the injury, damages for temporary injuries may be recovered for the two years prior to filing suit. *Id.* For a temporary injury, the cause of action accrues when each separate injury occurs. *Atlas Chem. Indus., Inc. v. Anderson*, 524 S.W.2d 681, 685 (Tex.1975) (quoting *Austin & N.W. Ry. Co. v. Anderson*, 79 Tex. 427, 15 S.W. 484 (1891)), *overruled on other grounds, Neely v. Cmty. Props., Inc.*, 639 S.W.2d 452, 454 (Tex.1982); *Pluff*, 94 S.W.3d at 27–28; *see Nugent v. Pilgrim's Pride Corp.*, 30 S.W.3d 562, 568 (Tex.App.-Texarkana 2000, pet. denied). The rationale underlying the rule that the cause of action for temporary damages accrues at the time the damages occur is that "[a] cause of action for damaging land does not lie for anticipated future damages that have not yet occurred." *Allen v. City of Tex. City*, 775 S.W.2d 863, 866 (Tex.App.-Houston [1st Dist.] 1989, writ denied); *see Corley v. Exxon Pipeline Co.*, 821 S.W.2d 435, 437 (Tex.App.-Houston [14th Dist.] 1991, writ denied). Cook contends a temporary injury is different from a permanent injury in that a subsequent purchaser may be personally aggrieved. Cook alleges a temporary injury causes a new injury every day the conduct is repeated and, therefore, he is personally aggrieved.

▇▇▇ The character of an injury as either permanent or temporary should be determined by its continuum. *Bayouth,*

671 S.W.2d at 868; *see Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 59 (Tex.App.-Texarkana 2004, pet. filed). A permanent injury is constant and continuous, as opposed to occasional, intermittent, or recurrent. *Bayouth*, 671 S.W.2d at 868; *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex.1978). It results "from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely." *Bayouth*, 671 S.W.2d at 868. In evaluating an injury's continuum, the fact-finder should consider the two characteristics of a temporary injury: whether it is caused by irregular forces and whether the injury-causing activity can be easily enjoined.[3]

▇▇▇ The first characteristic is whether the injury was caused by irregular forces. *Burke*, 138 S.W.3d at 59. In *Bayouth*, the Texas Supreme Court held that:

The character of an injury as either permanent or temporary is determined by its continuum. Permanent injuries to land result from an activity of such a character and existing under such circumstances that it will be presumed to continue indefinitely; the injury must be constant and continuous, not occasional, intermittent or recurrent. Temporary injuries, however, have been found where the injury is not continuous, but is sporadic and contingent upon some irregular force such as rain. *Kraft v. Langford*, 565 S.W.2d 223 (Tex.1978); *Atlas Chemical Industries, Inc. v. Anderson, supra* at 685.

*Bayouth*, 671 S.W.2d at 868–69. Temporary injuries are sporadic and contingent

3. *Burke,* 138 S.W.3d at 59. We note that this Court has stated in dicta that a temporary injury is an injury "able to be remedied at reasonable expense." *Sadler v. Duvall*, 815 S.W.2d 285, 292 (Tex.App.-Texarkana 1991, writ denied). However, the characterization of the injury was not at issue in *Sadler. Id.*

*Sadler* was concerned with the proper measure of damages for conversion of timber. *Id.* at 288. Further, since no evidence was introduced that repair was actually or economically feasible, *Sadler* held that the damages should be treated as permanent damages. *Id.* at 292.

on some irregular force, such as rain. *Kraft*, 565 S.W.2d at 227; *Atlas Chem. Indus., Inc.*, 524 S.W.2d at 685; *see Rosenthal v. Taylor*, 79 Tex. 325, 15 S.W. 268, 269 (1891).

The second characteristic is whether an injunction would abate the injury. *Burke*, 138 S.W.3d at 59. The Texas Supreme Court has recognized that the ability to enjoin successfully the activity or condition causing the damage indicates that the injury could be temporary.[4] *Kraft* held that "[a]nother characteristic of a temporary injury is the ability of a court of equity to enjoin the injury causing activity." *Kraft*, 565 S.W.2d at 227. "An injury which can be terminated cannot be a permanent injury." *Id.* While the ability to abate an injury with an injunction is a characteristic of a temporary injury, the unavailability of an injunction does not require a finding of a permanent injury. *Burke*, 138 S.W.3d at 59; *City of Odessa v. Bell*, 787 S.W.2d 525, 530 (Tex.App.-El Paso 1990, no writ).

Even if the distinction between temporary and permanent is relevant to the issue of standing, a current owner would have standing only if a new injury occurred while he or she owned the property. For a temporary injury, the cause of action accrues when each separate injury occurs. *Atlas Chem. Indus., Inc.*, 524

S.W.2d at 685; *Pluff*, 94 S.W.3d at 27; *see Nugent*, 30 S.W.3d at 568. While Cook did not present any evidence that the injury was caused by irregular forces such as rain or wind, he did present some evidence an injunction could abate the injury. In general, the question of whether injury to property is permanent or temporary is a question of fact for the jury.[5] A temporary injury is essentially a series of injuries which occur over time. "Temporary injuries give rise to temporary damages, which are the amount of damages that accrued during the continuance of the injury covered by the period for which the action is brought." *Bayouth*, 671 S.W.2d at 868. If the injury is temporary, Cook could only recover for new injuries sustained during the last two years. *See id.* Even if the evidence produced by Cook that the injury can easily be removed is more than a scintilla of evidence that the injury is temporary, Cook must present evidence a new injury occurred while he has owned the land.

Cook failed to present any evidence of new injuries. The only damages alleged are the decrease in value of the land due to the physical presence of the concrete derrick corners and pipes. Cook presented evidence his property is worth $79,140.00 with the abandoned equipment and $158,300.00 without it. However,

---

4. *Kraft*, 565 S.W.2d at 227; *Bates v. Schneider Nat'l Carriers, Inc.*, 95 S.W.3d 309, 314 (Tex. App.-Houston [1st Dist.] 2002, pet. granted); *see Atlas Chem. Indus., Inc.*, 524 S.W.2d at 686; *Rosenthal*, 15 S.W. at 269; *Nugent*, 30 S.W.3d at 567. *But see Neely*, 639 S.W.2d at 453 (citing *Kraft* for the proposition that "that property damage is temporary if (1) a court could enjoin successfully the activity or condition causing the damage; *and* (2) that activity or condition would not cause damage absent some 'irregular force such as rain' ").

5. *Trinity & S. Ry. Co. v. Schofield*, 72 Tex. 496, 10 S.W. 575, 577 (1889); *Burke*, 138

S.W.3d at 60; *Hood v. Adams*, 334 S.W.2d 206, 208 (Tex.Civ.App.-Amarillo 1960, no writ); *see Bayouth*, 671 S.W.2d at 868–69; *Yancy v. Tyler*, 836 S.W.2d 337, 340 (Tex. App.-Tyler 1992, writ denied). If the injury is caused by irregular forces and can be easily enjoined, then the injury may be temporary as a matter of law. *See Kraft*, 565 S.W.2d at 227 (trial court erred in submitting instruction on permanent injuries). If the injury cannot be enjoined but is still caused by irregular forces, the issue of whether the injury is temporary is a fact issue for the jury. *See Neely*, 639 S.W.2d at 453–54.

these damages were incurred when Exxon abandoned the equipment. Cook stated he had seen at least some of the concrete derrick corners before he purchased the property. Cook was aware that the land had been used for oil and gas production for many years and observed that 4–Sight was operating three active oil wells on the property at the time of his purchase. Cook had experience working in the oil and gas industry. He admitted these materials were probably installed before 1950. Cook admitted Exxon did not operate any of the wells on the property at any time he owned the land. Once the equipment was abandoned, the damage to the property was complete. In this case, it is uncontroverted that Exxon ceased operations on the property in question before Cook purchased the property and that, since the sale, Exxon has not conducted any operations on the property. Exxon's act in abandoning the equipment has not affected the condition of the property since Cook purchased it. Cook has failed to produce more than a scintilla of evidence any new injury to the land occurred after he purchased the land.

■■■ The trial court did not err in determining Cook lacked standing. Even if a landowner has standing to sue for a temporary injury to property which occurred before he or she owned the property, the landowner must still show that he or she has sustained a new injury since acquiring the property. Cook failed to present any evidence of a new injury since

his acquisition. Therefore, regardless of whether the injury is permanent or temporary, Cook lacks standing to sue.

### No Evidence of a Continuing Tort

■■■ Cook alleges the trial court erred in rendering summary judgment because the tort is a continuing tort.[6] Cook has not raised a material issue of fact concerning a continuing tort. "A continuous tort involves wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Loyd*, 956 S.W.2d at 127; *see Dickson Constr., Inc. v. Fid. & Deposit Co.*, 960 S.W.2d 845, 851 (Tex.App.-Texarkana 1997, no pet.); *see also Jim Arnold Corp. v. Bishop*, 928 S.W.2d 761, 766 (Tex.App.-Beaumont 1996, no writ). There is no evidence of any wrongful conduct that has been repeated by Exxon. Cook failed to present any evidence Exxon had committed any wrongful conduct since it assigned the lease to 4–Sight. It is undisputed Exxon has not conducted any activities on the property since the assignment of the lease. Without any evidence of repeated wrongful conduct, Cook has not presented more than a scintilla of probative evidence to raise a genuine issue of material fact concerning the continuous tort.

### Conclusion

Similar to *Denman, Pluff* and *Senn*, a landowner does not have standing to pursue a cause of action when he or she acquired the property after the injury oc-

6. As we noted in *Burke*, several courts of appeals have held the doctrine of continuing torts does not apply to injury to property. *Burke*, 138 S.W.3d at 58. The Fort Worth Court of Appeals has held that the continuing tort doctrine does not apply to claims arising from permanent injury to land. *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 443 (Tex.App.-Fort Worth 1997, pet. denied); *Hues v. Warren Petroleum Co.*, 814 S.W.2d 526, 529 (Tex.App.-Houston [14th Dist.] 1991, writ denied) ("continuing threat" barred by statute). The El Paso and Houston courts have agreed that the doctrine of continuing torts does not apply to injury to property. *Walton v. Phillips Petroleum Co.*, 65 S.W.3d 262, 275 (Tex.App.-El Paso 2001, pet. denied); *Loyd v. ECO Res., Inc.*, 956 S.W.2d 110, 127 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

curred, the deed contains no assignment of the cause of action, and there is no evidence of a new injury since the current landowner has owned the property. Cook has failed to present any evidence he has sustained a new injury since he acquired the property. Thus, Cook lacks standing to pursue a claim for injury to the property regardless of whether the injury is permanent or temporary. Since there is no evidence of a continuing tort and Cook lacks standing to pursue this cause of action, we affirm the judgment of the trial court.