COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JIMMY LEE SWEED, | § | No. 08-09-00076-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| THE CITY OF EL PASO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2008-1006) |
| | § | |

**O P I N I O N**

Appellant, Jimmy Lee Sweed, appeals the trial court's dismissal for lack of subject-matter jurisdiction. We affirm.

**BACKGROUND**

The City of El Paso, Appellee, brought suit for the recovery of delinquent property taxes on a building owned by Sweed. The trial court rendered judgment in favor of the City and authorized foreclosure. Sweed appealed that judgment, and we affirmed on the merits. *See Sweed v. City of El Paso*, No. 08-00-00195-CV, 2001 WL 1469071, at *1-2 (Tex. App.–El Paso Nov. 20, 2001, pet. denied) (op., not designated for publication). Subsequently, the El Paso County Sheriff's Office executed the judgment and placed the building for auction at a tax sale. When the property failed to receive any bids, the property was "struck off" pursuant to Section 34.01 of the Tax Code and deeded to the City.[1] The City later demolished the property upon finding the building posed a hazard

---

[1] "'The phrase "struck off" refers to properties purchased by taxing units at a tax sale when bids are insufficient.'" *See Irannezhad v. Aldine Independent School Dist.*, 257 S.W.3d 260, 262 n.6 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (quoting *Guajardo v. State*, No. 04-04-00554-CV, 2005 WL 236881, at *1 n.1 (Tex. App.–San Antonio Feb. 2, 2005, pet. denied) (mem. op., not designated for publication). Section 34.01 of the Tax Code authorizes the "striking off" of a property to a taxing unit in such circumstances. *See* TEX. TAX CODE ANN. §

to the health and safety of the community.

Nine months following the tax sale, Sweed filed suit against the City alleging that the City unconstitutionally took his property for public use without just compensation. Although difficult to discern from his pleadings whether Sweed was alleging the City took his property at the tax sale or when the property was destroyed, we deem his pleadings as an unconstitutional taking concerning the later as Sweed complains that the City "destroyed" his property. After generally denying the claims, the City filed a plea to the jurisdiction, claiming sovereign immunity and that Sweed lacked standing. Sweed responded that the City waived its immunity under Article I, Section 17 of the Texas Constitution, and that he had standing as the alleged owner of the property. After a hearing, the trial court granted the City's plea to the jurisdiction and dismissed the case for lack of jurisdiction.

## DISCUSSION

On appeal, Sweed contends that the trial court erred by dismissing his case for lack of jurisdiction. According to Sweed, he, as the alleged owner of the property, had standing to sue and the City waived any sovereign immunity. We address standing first.

Standing is a component of subject-matter jurisdiction that cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993). If a party does not have standing, a trial court has no subject-matter jurisdiction to hear the case. *Id*. at 444-45. A trial court's jurisdiction to hear the subject matter of a dispute may be challenged by filing a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction *de novo*. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

34.01(j) (Vernon 2008).

Here, Sweed did not own any interest in the property at the time the building was "destroyed." Nothing in the record shows that Sweed attempted to pay the lien rendered against the building when the trial court authorized foreclosure, or that he later attempted redemption within six months following the tax sale. *See* TEX. TAX CODE ANN. § 34.21(e) (Vernon Supp. 2009) (owner of property sold at tax sale has six months to redeem the property). Accordingly, sole ownership of the property vested with the City, and the City as the sole owner had the authority to demolish the building. Therefore, Sweed lacked standing to sue for an unconstitutional taking without just compensation for the demolition of the building. *See Cook v. Exxon Corp.*, 145 S.W.3d 776, 780 (Tex. App.–Texarkana 2004, no pet.); *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.) (cause of action for an injury to property belongs to the person owning the property at the time of the injury). Because we hold that Sweed lacked standing, we need not address whether the City waived sovereign immunity in this instance. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). Sweed's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

March 24, 2010

Before Chew, C.J., McClure, and Rivera, JJ.