COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JIMMY LEE SWEED,


 Appellant,


v.


THE CITY OF EL PASO,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00076-CV



Appeal from the


County Court at Law No. 5


of El Paso County, Texas


(TC# 2008-1006)


O P I N I O N


 Appellant, Jimmy Lee Sweed, appeals the trial court's dismissal for lack of subject-matter
jurisdiction. We affirm.

BACKGROUND


 The City of El Paso, Appellee, brought suit for the recovery of delinquent property taxes on 
a building owned by Sweed. The trial court rendered judgment in favor of the City and authorized
foreclosure. Sweed appealed that judgment, and we affirmed on the merits. See Sweed v. City of
El Paso, No. 08-00-00195-CV, 2001 WL 1469071, at *1-2 (Tex. App.-El Paso Nov. 20, 2001, pet.
denied) (op., not designated for publication). Subsequently, the El Paso County Sheriff's Office
executed the judgment and placed the building for auction at a tax sale. When the property failed
to receive any bids, the property was "struck off" pursuant to Section 34.01 of the Tax Code and
deeded to the City. (1) The City later demolished the property upon finding the building posed a hazard
to the health and safety of the community.

 Nine months following the tax sale, Sweed filed suit against the City alleging that the City
unconstitutionally took his property for public use without just compensation. Although difficult
to discern from his pleadings whether Sweed was alleging the City took his property at the tax sale
or when the property was destroyed, we deem his pleadings as an unconstitutional taking concerning
the later as Sweed complains that the City "destroyed" his property. After generally denying the
claims, the City filed a plea to the jurisdiction, claiming sovereign immunity and that Sweed lacked
standing. Sweed responded that the City waived its immunity under Article I, Section 17 of the
Texas Constitution, and that he had standing as the alleged owner of the property. After a hearing,
the trial court granted the City's plea to the jurisdiction and dismissed the case for lack of
jurisdiction.

DISCUSSION

 On appeal, Sweed contends that the trial court erred by dismissing his case for lack of
jurisdiction. According to Sweed, he, as the alleged owner of the property, had standing to sue and
the City waived any sovereign immunity. We address standing first.

 Standing is a component of subject-matter jurisdiction that cannot be waived. Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993). If a party does not have standing,
a trial court has no subject-matter jurisdiction to hear the case. Id. at 444-45. A trial court's
jurisdiction to hear the subject matter of a dispute may be challenged by filing a plea to the
jurisdiction. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial
court's ruling on a plea to the jurisdiction de novo. See Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).

 Here, Sweed did not own any interest in the property at the time the building was
"destroyed." Nothing in the record shows that Sweed attempted to pay the lien rendered against the
building when the trial court authorized foreclosure, or that he later attempted redemption within six
months following the tax sale. See Tex. Tax Code Ann. § 34.21(e) (Vernon Supp. 2009) (owner
of property sold at tax sale has six months to redeem the property). Accordingly, sole ownership of
the property vested with the City, and the City as the sole owner had the authority to demolish the
building. Therefore, Sweed lacked standing to sue for an unconstitutional taking without just
compensation for the demolition of the building. See Cook v. Exxon Corp., 145 S.W.3d 776, 780
(Tex. App.-Texarkana 2004, no pet.); Lay v. Aetna Ins. Co., 599 S.W.2d 684, 686 (Tex. Civ.
App.-Austin 1980, writ ref'd n.r.e.) (cause of action for an injury to property belongs to the person
owning the property at the time of the injury). Because we hold that Sweed lacked standing, we need
not address whether the City waived sovereign immunity in this instance. See Tex. R. App. P. 47.1
("The court of appeals must hand down a written opinion that is as brief as practicable but that
addresses every issue raised and necessary to final disposition of the appeal."). Sweed's sole issue
is overruled.

CONCLUSION

 The trial court's judgment is affirmed.


 GUADALUPE RIVERA, Justice

March 24, 2010


Before Chew, C.J., McClure, and Rivera, JJ.

1. "'The phrase "struck off" refers to properties purchased by taxing units at a tax sale when bids are
insufficient.'" See Irannezhad v. Aldine Independent School Dist., 257 S.W.3d 260, 262 n.6 (Tex. App.-Houston
[1st Dist.] 2008, no pet.) (quoting Guajardo v. State, No. 04-04-00554-CV, 2005 WL 236881, at *1 n.1 (Tex.
App.-San Antonio Feb. 2, 2005, pet. denied) (mem. op., not designated for publication). Section 34.01 of the Tax
Code authorizes the "striking off" of a property to a taxing unit in such circumstances. See Tex. Tax Code Ann. §
34.01(j) (Vernon 2008).