B. A. MORTGAGE CO., INC. and Metro Development, Inc., Appellants,

v.

Lawrence E. McCULLOUGH, Appellee.

No. 18143.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 15, 1979.

Rehearing Denied Dec. 27, 1979.

Thompson, Knight, Simmons & Bullion and William R. Wright, Dallas, for appellants.

Thomas A. Melody, Dallas, for appellee.

## OPINION

HUGHES, Justice.

McCullough, an adjoining landowner of B. A. Mortgage Co., Inc., sued for damages for loss of lateral support arising out of the entry onto his land by Metro Development, Inc., B. A.'s agent. Metro graded McCullough's lot down to the level of a private street which ran along the side of B. A.'s lot. McCullough alleged damages for loss of lateral support and sought the amount it would cost to build a retaining wall to restore his land to its original condition. B. A. and Metro appeal from a judgment in favor of McCullough. The only contested issues here are the measure of damages and the sufficiency of the evidence supporting the damage finding.

We reverse and remand for a determination of damages sustained by McCullough.

Before 1974, Don Loftis borrowed the purchase money from B. A. to acquire a tract of land where he proposed to build an apartment complex called the Appian Way. The land was situated alongside McCullough's land. Loftis entered upon McCullough's land and graded it down to a level where it matched the contour of a private street being built in the Appian Way complex. Loftis' entry extended for a distance of about thirty feet along the property line at the eastern most end. The grading resulted in a ten foot reduction in the vertical height. This tapered down along the property line to the western end where the vertical drop was approximately three feet.

During 1974 Loftis defaulted on his loan payments. B. A. foreclosed and took over completion of the apartment project. During completion, Metro, working as contractor for B. A., reentered McCullough's property and performed some more grading. This second entry caused an additional two foot drop in vertical height at the eastern end of the affected area and a one foot vertical drop at the western end. On April 9, 1975, McCullough filed suit against B. A. and Metro praying for damages in the sums of $12,500.00 for construction of a concrete wall to shore up his property; $2,500.00 for grading; $1,250.00 for replacement of top soil; and $20,000.00 as exemplary damages, for a total of $36,250.00. By supplemental petition plaintiff also prayed for the additional sum of $15,000.00 for lateral support loss, making a new total of $51,250.00.

Neither B. A. nor Metro are contesting the finding of their liability. They complain that the trial court used an incorrect measure of damages. They assert that in a case of damage to realty resulting from the removal of lateral support, the correct measure of damages is the diminution in the fair market value of the property affected, taken immediately before and after the removal of the lateral support, unless the cost of repairs is a lesser amount. In such case the cost of repair is the correct measure of damage. B. A. and Metro contend that there was no change in the fair market value of the land, and accordingly, McCullough should take nothing by his lawsuit.

■ We do not agree. B. A. and Metro correctly state the general rule used to determine the measure of damages where a permanent injury to land has occurred, which is that the measure of damage is the diminution of value of the land, unless the injury can be repaired at less cost, in which case, the measure becomes that lesser figure. *Atlas Chemical Industries, Inc. v. Anderson*, 514 S.W.2d 309, 318 (Tex.Civ.App.— Texarkana 1974, aff'd at 524 S.W.2d 681 (1975)); 2 C.J.S. *Adjoining Landowners* § 35 (1972); 25 C.J.S. *Damages* § 84 (1966); 1 Tex.Jur.2d *Adjoining Landowners* § 10 (1959); 1 Am.Jur.2d *Adjoining Landowners* § 75 (1962), and Annot., 36 A.L.R.2d 1253, 1255 (1954).

■ As with most general rules, however, there is an exception. The secondary sources cited above note that the general rule should be varied so as to obtain a just and equitable result when the strict adherence to the general rule would result in an outcome which would be unfair or unjust. See Annot., 36 A.L.R.2d 1253, 1255, 1265–78 (1954); 1 Am.Jur.2d *Adjoining Landowners* § 75 (1962). The rationale behind this exception is that the purpose of the general rule is to make the injured plaintiff whole where the general rule will not do so. If an unjust result will follow from the application of the general rule, the most reasonable measure of damages under the circumstances is to be used as an alternative. As noted by one commentator, "the reasonableness of applying a given measure of damages in a given case unavoidably hinges on the peculiarities of the case." Annot., 36 A.L.R.2d 1253, 1255 (1954).

■ We hold that the circumstances of this case are such that the facts warrant a deviation from the general rule as expressed above. If we were to uphold the contentions of B. A. and Metro, we would allow them to escape liability after causing a radical change in the land which belonged to McCullough. It would clearly result in an unjust, unfair and inequitable outcome to allow B. A. and Metro to grade McCullough's land and cause change he did not desire; then hold that B. A. and Metro escape any liability simply because the unwanted changes effected did not bring about a diminution in the value of the land involved. The appellants first point of error is overruled.

■ However, as to the determination of McCullough's damages we hold the evidence insufficient to support the judgment. The findings of fact made by the trial court conflict with the evidence. For this reason, the finding is so against the greater weight and preponderance of the evidence as to be clearly erroneous, which places it in a category where it is insufficient to support the judgment. Mr. Roy Christ, the expert witness presented by McCullough, testified that the cost of construction of a retaining wall would be some $27,500.00. It is very clear from the context that this figure was a 1978 cost estimate. Later, during cross examination of Christ, opposing counsel clarified that the $27,500.00 figure was based on *1978* costs. Cross examination also shows that the figure would have been much lower if it were based on costs as they existed three years before the suit was tried.

This evidence is at a complete variance with the findings of fact. The findings of fact state that the court found that the cost to construct a retaining wall was $27,500.00 in *1975*. This finding is against the great weight and preponderance of the evidence, and is properly attacked by a point of error complaining of insufficient evidence. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 366 (1960). Accordingly, we sustain the third point of error. Since the judgment is against the great weight and preponderance of the evidence, we are left with no alternative, in light of explicit instructions from the Supreme Court, except to remand for a new trial on the issue of damages, as liability is not an issue in this appeal. *Woods v. Townsend*, 144 Tex. 594, 192 S.W.2d 884 (1946). It would not be within our power to attempt to render a judgment

based on that evidence which did support the judgment or which we think is the evidence supporting the intended result desired by the trial court. *Childre v. Casstevens,* 148 Tex. 297, 224 S.W.2d 461 (1949). See also Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 369 (1960).

■ Having reversed and remanded for a determination of the damages as they existed in 1975, we need not consider the second, fourth and fifth points of error. However, as these issues are likely to be encountered on retrial, we will discuss them. The second point of error complains that the trial court erred by awarding McCullough more recovery than he sought. We do not agree with this contention. McCullough plead for a total of $51,250.00 in his original and supplemental petition as detailed above. The judgment was for $12,500.00 as cost of constructing a retaining wall plus $1,250.00 for replacement of soil. Findings of fact and conclusions of law were made by the trial court. The court found that in April, 1975, the reasonable cost in Tarrant County, Texas of constructing the required retaining wall was $27,500.00, the reasonable cost of the back-fill of dirt was $19,-680.00 and that the costs have increased at the rate of 15% per year from April of 1975. The court also found that the reasonable *proportionate* cost of the retaining wall due to excavation caused by Metro *after repossession* is in the amount of $12,500.00, and that the reasonable proportionate cost of back-fill due to excavation caused by these defendants *after repossession* was at least $1,250.00. It is therefore clear that the judgment was for the amount of damages caused solely by B. A. and Metro and was within the amount plead.

■ The fourth point of error complains of the apportionment of the damages between Loftis, who was not a party to the lawsuit, and the defendants. This issue is now moot in view of our reversal of the judgment which makes the apportionment.

When he instituted suit, McCullough was free to pursue either B. A., Metro, or Loftis, or any combination of the three. In the first trial, since he chose to pursue only B. A. and Metro as tort feasors, it was within the discretion of the trial court to apportion the damages between parties, even absent ones, in any reasonable manner consistent with the evidence. This same principle applies on remand if a correct damage figure is determined, assuming that evidence is present to support any apportionment of the damages.

■ In their fifth point of error, B. A. and Metro complained of the award of prejudgment interest. This particular point of error is also rendered moot on this appeal. However, it is an issue which is likely to arise again on remand. The trial court awarded McCullough prejudgment interest even though this interest had not been specifically prayed for in the plaintiff's pleadings. B. A. and Metro complain that this was improper in light of the general nature of McCullough's pleadings and the fact that no request was made for such interest. McCullough named a number of specific items, but not interest, in his prayer and then concluded by requesting "such other and further relief to which this Plaintiff may be justly entitled."

We agree with B. A. and Metro. This prayer for relief was insufficient to support an award of prejudgment interest. Though the cause of action involved in this case may be one of a species for which prejudgment interest can be awarded, it is clear that the word "interest" must appear somewhere in the plaintiff's prayer for relief in order to recover prejudgment interest. *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80, 96 (Tex.1976). In the present state of the pleadings we are of the opinion that McCullough is not entitled to recover prejudgment interest.

A general prayer for relief may be sufficient to allow prejudgment interest if all that is requested is "interest", with no fur-

ther identification of the rate, amount on which it is to be based, and so forth, but merely requesting "such other and further relief" to which plaintiff feels justly entitled is too general to support an interest award. The line must be drawn somewhere, and "such other and further relief" does not put the defendant on any notice that prejudgment interest is sought. Therefore, this is a good place to impose the outer limit on the paucity of the pleadings necessary to allow the recovery of prejudgment interest. McCullough never crossed this line.

We reverse and remand to the trial court for a determination of damages which B. A. and Metro caused when they removed the lateral support from McCullough's land.