GAREY CONSTRUCTION COMPANY, INC., Appellant,

v.

Diane McCarthy THOMPSON, Appellee.

No. 14409.

Court of Appeals of Texas, Austin.

Oct. 2, 1985.

---

Karl G. Johnson, Jr., Wilson, Grosenheider & Burns, Austin, for appellant.

Lea Noelke, Austin, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

Appellant Garey Construction Company, Inc., appeals from an adverse judgment of $18,500.00 in compensatory and exemplary damages. Appellee Diane McCarthy Thompson was granted an award of intrinsic damages after a jury trial. Thompson claimed Garey trespassed on her property. We will affirm the judgment of the trial court.

On Friday, January 22, 1982, appellant unloaded some heavy construction equipment in front of appellee's house, and then attempted to cross appellee's lawn. With the help of some neighbors, the appellee's tenant attempted to stop the appellant, but to no avail. The appellant did not stop until the appellee, herself, arrived at the scene. The following Monday, however, during the early morning hours the appellant surreptitiously towed away a parked automobile, moved his equipment across the appellee's lawn, crushing the sidewalk, curb, several shrubs and a twelve inch Mulberry tree. The appellee then filed this suit for an injunction and damages.

The jury answered all special issues favorably to appellee. The jury found $1,500.00 in actual damages was done to appellee's land. The jury determined appellant's conduct to be in conscious disregard of appellee's rights as a landowner, resulting in an award of $17,000.00 in exemplary damages.

■ Appellant contends that before the intrinsic value of damaged property may be

awarded, the plaintiff must first obtain a finding that permanent damage was done to the land. It is true appellee did not request an issue regarding permanent damages. Appellant, however, did not object to this omission. Texas R.Civ.P. 279 (1977) requires that in the event one or more issues are necessary to sustain a judgment for a plaintiff and one or more of these issues are omitted the defendant must object; otherwise the omitted issue if supported by the evidence will be deemed found by the trial judge in support of the judgment. Having reviewed the record we hold that there was sufficient evidence to support a deemed finding by the trial judge in favor of the judgment. The appellant by failing to object did not preserve error. Tex.R.Civ.P. 279 (1977).

■ The traditional formula applied to permanent damage to land is the diminution in the market value of the land; that is the difference between the value of the land before and after the trespass. *Lone Star Gas Co. v. Hutton,* 58 S.W.2d 19 (Tex.1933). The Texas Supreme Court held recently that absent a diminution in market value the "intrinsic" value of property may be used as a measure of permanent damages. *Porras v. Craig,* 675 S.W.2d 503 (Tex.1984). Before evidence of the intrinsic value may be received, however, there must first be a showing that there was no diminution in the market value of the land. *Porras v. Craig, supra.* Appellee complied with this prerequisite and then proffered evidence of the intrinsic value of the damaged property. Photographs of the damaged trees and shrubberies were introduced into evidence. Appellee described in detail the cracked sidewalk and curb, the crushed shrubberies and tree and the ornamental or aesthetic purpose they formerly served. Such evidence is sufficient to support an award based upon the intrinsic value of the damaged property. *Lucas v. Morrison,* 286 S.W.2d 190 (Tex.Civ.App. 1956, no writ). Appellant's argument that

there is insufficient evidence of actual damages is therefore overruled.

■ The argument that appellee failed to place a dollar value on the damaged property is without merit. Such evidence is not required in a case involving loss of intrinsic value of property. Compare the decision in *Lucas v. Morrison,* 286 S.W.2d 190 (Tex.Civ.App.1956, no writ). In the case at bar, appellee testified as to the damage done to her property and to the ornamental purpose it had served. This is sufficient. Any dollar value for intrinsic loss must be left to the jury. *Lucas v. Morrison, id.*

■ Appellant argues next that the appellee as an owner-lessor is not entitled to actual damages. The rule in Texas is that permanent damages or the diminution in market value is to be awarded the owner-lessor, while temporary damages or lost rental value is to be awarded the lessee. *Pickens v. Harrison,* 252 S.W.2d 575 (Tex. 1952). As we stated earlier a deemed finding of permanent damages is supported by the evidence. In view of this fact and the holding in *Pickens, id.,* the appellant's point of error is overruled.

■ Finally, appellant argues that there is no evidence or insufficient evidence to support the award of $17,000.00 for exemplary damages. We disagree. Appellant's early morning trespass onto appellee's property, towing away the automobile, cutting tree branches, and forcing his way through her private property are all sufficient to justify the exemplary damages found by the jury.

Affirmed.