

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00411-CV

EDGAR GLUCK                                                      APPELLANT

V.

PHILIP HADLOCK                                                   APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

After a jury trial in this landlord-tenant case, the trial court entered judgment against Appellant Edgar Gluck and in favor of Appellee Philip Hadlock. Gluck contends in seven issues that the evidence is legally and factually insufficient to support the judgment. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual Background

In 2005, Hadlock and his wife entered into a written agreement with Gluck to lease a home for a one year term ending August 31, 2006.[2]  Hadlock gave Gluck notice in May 2006 that he and his wife would vacate the property by August 31, 2006.  Hadlock testified that although they had paid their rent for all of August, he moved the majority of their belongings from the house on August 12, 2006.  When he left, Hadlock left their cat, several boxes containing work files and small electronics, and a piece of artwork at the house to be retrieved before the end of the month.  However, when Hadlock's sister-in-law Claire Murray went to the house on August 13 or 14 to retrieve the cat, there was only a "small grouping of personal articles in the middle of the living room"; the artwork was not in the house, and Hadlock's other belongings had been placed at the curb.  Hadlock then began calling Gluck and finally spoke with him on August 16.  Gluck admitted to Hadlock that he had entered the house and placed the items by the curb and that he intended to immediately lease the property to a new tenant.  Hadlock testified that he called the house later in August and that another person answered.  Hadlock testified that he felt that Gluck had prohibited him from returning to the property because someone else was living there.

Hadlock testified that he sent a letter to Gluck on August 17, 2006, requesting return of the $750 security deposit and including his forwarding

---

[2]Hadlock's wife is not a party to the lawsuit.

2

address. He also testified that his wife sent Gluck a letter in June 2007 containing the same forwarding address and again requesting the return of the security deposit. Gluck admitted at trial that Hadlock was entitled to the refund of his security deposit and that he had Hadlock's address before the lawsuit was filed. Gluck also testified that he sent a check to Hadlock's wife in September 2006, but he said that the check was never cashed so he stopped payment on it. Although Gluck testified that he provided the stop payment to his attorney, the stop payment was not offered into evidence at trial. In addition, Hadlock's counsel cross-examined Gluck with questions suggesting that the check Gluck claimed to have sent to Hadlock's wife had been written much later than the date reflected on the check.

The jury returned a unanimous verdict for Hadlock with specific findings that Hadlock or his wife provided a forwarding address in writing to Gluck; that Gluck acted in bad faith by retaining Hadlock's security deposit; that Gluck intentionally prevented Hadlock from entering the house on or before August 31, 2006; that Gluck removed Hadlock's artwork from the property without Hadlock's permission; that the sentimental value of the artwork was $2,000; and that Hadlock should recover $10,000 in reasonable and necessary attorneys' fees. The trial court signed a final judgment for Hadlock on August 28, 2009, and this appeal followed.

### III. Discussion

In seven issues, Gluck contends that the evidence is insufficient to support the jury's findings that he intentionally prevented Hadlock from entering the house, that Hadlock or his wife provided him with a forwarding address, that he acted in bad faith by retaining Hadlock's security deposit, that the sentimental value of Hadlock's artwork is $2,000, and that Hadlock's reasonable and necessary attorneys' fees are $10,000.

### A. Standards of Review

In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*,

4

526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

## B. Exclusion from the House

Gluck contends in his first issue that there is no evidence to support the jury's finding that he intentionally prevented Hadlock from entering the house. Texas Property Code section 92.0081 prohibits a landlord from "intentionally prevent[ing] a tenant from entering the leased premises except by judicial process" unless one of three exceptions applies. *See* Tex. Prop. Code Ann. § 92.0081(b) (Vernon Supp. 2010). Gluck does not contend that one of the three exceptions applies.

Gluck argues that there is no evidence that Hadlock was physically prevented from entering the premises or that Hadlock even attempted to enter the premises after August 14. Gluck also points to evidence that he did not change the locks to the house, that Hadlock retained a garage door opener well beyond the lease termination date, and that Gluck did not lease the house to a

5

new tenant until the third week of September. But the jury heard conflicting testimony about Hadlock's access to the house. For example, the jury heard testimony that Gluck had entered the house between August 12 and August 14 without Hadlock's permission and moved Hadlock's personal items to the curb, that Gluck told Hadlock on August 16 that Gluck would immediately lease the house, that someone answered the telephone when Hadlock called the house later in August, and that Hadlock felt he could not return to the property because someone else was living there.

"The jury is the sole judge of the credibility of witnesses and the weight to be given their testimony." *In re Boatman*, 266 S.W.3d 80, 86 (Tex. App.—Fort Worth 2008, no pet.). Thus, the jury was free to assign more weight to Hadlock's testimony and conclude that Gluck intentionally prevented Hadlock's access to the house by reletting it to another tenant before Hadlock's lease term had expired. Applying the appropriate standards of review, we hold that there is legally and factually sufficient evidence to support the jury's finding that Gluck intentionally prevented Hadlock from entering the leased premises. *See Cent. Ready Mix Concrete Co.*, 228 S.W.3d at 651; *Pool*, 715 S.W.2d at 635. We overrule Gluck's first issue.

## C. Retention of Security Deposit

Gluck argues in his second and third issues that the evidence is legally and factually insufficient to support the jury's findings that Hadlock provided him

with a forwarding address and that he acted in bad faith by retaining Hadlock's security deposit.

A landlord is obligated to return a tenant's security deposit or provide a written description of damages and charges once the tenant provides the landlord with a written statement of the tenant's forwarding address. Tex. Prop. Code Ann. § 92.107(a) (Vernon 2007). In addition, a landlord who retains a security deposit in bad faith "is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit." *Id.* § 92.109(a) (Vernon 2007). It is the landlord's burden to prove that the retention of the security deposit was reasonable. *Id.* § 92.109(c).

Hadlock testified that he sent a letter containing his forwarding address to Gluck on August 17, 2006, by certified mail. Hadlock testified that he lost the return receipt and that he did not retain a signed copy of the letter; the copy admitted at trial was printed from Hadlock's computer. Hadlock also testified that his wife sent a letter to Gluck's attorney in June 2007 containing the same forwarding address.

Gluck admitted that Hadlock was entitled to have the security deposit returned, but he denied receiving the August 17, 2006 letter and testified that he sent Hadlock's wife a check for the security deposit in September 2006. Gluck testified, however, that he issued a stop payment on the check after Hadlock's wife failed to cash it, and although Gluck testified that he provided the stop

7

payment to his attorney, the stop payment was not offered into evidence at trial. Moreover, the jury heard Hadlock's attorney cross-examine Gluck with questions suggesting the check to Hadlock's wife was written much later than the date reflected on the check.

Again, the jury heard conflicting evidence concerning the security deposit, and the jury is the sole judge of the credibility of the witnesses. *See Boatman*, 266 S.W.3d at 86. We are not free to substitute our own judgment for that of the jury. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). Applying the appropriate standards of review, we hold that legally and factually sufficient evidence supports the jury's findings that Hadlock or his wife provided a forwarding address to Gluck and that Gluck retained the security deposit in bad faith. *See Cent. Ready Mix Concrete Co.*, 228 S.W.3d at 651; *Pool*, 715 S.W.2d at 635. We overrule Gluck's second and third issues.

## D. Sentimental Value of Artwork

Gluck contends in his fifth issue that the trial court erred by instructing the jury that sentimental value was the proper measure of damages for Hadlock's artwork, and he argues in his fourth issue that the evidence is legally and factually insufficient to support the jury's finding that the sentimental value of the artwork is $2,000.

### 1. Preservation of Jury Charge Complaint

Gluck argues that the trial court erred by instructing the jury that sentimental value is the appropriate measure of damage for the loss of Hadlock's

8

artwork. However, the reporter's record on appeal does not include a transcription of the charge conference. Gluck therefore failed to preserve his fifth issue for appellate review, and we overrule it. *See, e.g., Adams v. Liberty Mut. Ins. Co.*, No. 01-09-00178-CV, 2010 WL 143450, at *4 (Tex. App.—Houston [1st Dist.] Jan. 14, 2010, no pet.) (mem. op.); *Ortiz v. Martinez*, No. 01-05-00984-CV, 2007 WL 1441042, at *3 (Tex. App.—Houston [1st Dist.] May 17, 2007, no pet.) (mem. op.).

## 2. Sufficient Evidence of Sentimental Value

Sentimental value is "the reasonable special value of [the lost] articles to their owner taking into consideration the feelings of the owner for such property." *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 305 (Tex. 1963). "The owner's feelings thus help determine the value" of the lost or damaged item. *City of Tyler v. Likes*, 962 S.W.2d 489, 497 (Tex. 1997).

Hadlock testified that the artwork was a sculpture on a wood base; that it was approximately eighteen inches tall; and that it was a mixed media piece in a semi-representational style, meaning that it was partly abstract and partly recognizable. Hadlock also testified that he had been developing it during the preceding year, that he had invested about 500 hours into making it, and that the artwork was "extremely important" to him. He said that it was important because of the time invested, because he planned to submit it to an agency in Paris in order to establish himself with the agency, and because he believed that it represented his abilities very well. Finally, Hadlock testified that he had looked at

9

similar works at the Paris agency and that he believed his artwork was worth $2,000. Gluck offered no evidence to rebut Hadlock's testimony.

Applying the appropriate standards of review, we hold that legally and factually sufficient evidence supports the jury's findings that Hadlock's artwork has a sentimental value of $2,000. *See Cent. Ready Mix Concrete Co.*, 228 S.W.3d at 651; *Pool*, 715 S.W.2d at 635; *see also Garey Constr. Co., Inc. v. Thompson*, 697 S.W.2d 865, 867 (Tex. App.—Austin 1985, no pet.) (holding evidence sufficient to sustain award for intrinsic value of trees and stating that testimony of a specific dollar amount "is not required in a case involving loss of intrinsic value of property" because "[a]ny value for intrinsic loss must be left to the jury"). We overrule Gluck's fourth issue.

## E. Attorneys' Fees

In his sixth and seventh issues, Gluck contends that the award of $10,000 in attorneys' fees is excessive and that the evidence is legally and factually insufficient to support the award.

"The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the jury's." *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). To determine the reasonableness of a fee, the factfinder should consider:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

10

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex. Gov't Code, tit. 2, subtit. G app. (State Bar Rules, art. X, § 9) (Vernon Supp. 2010)).

Gluck first contends that there is no evidence Hadlock actually incurred any attorneys' fees because his lawyer had agreed not to charge him. However, "[t]he existence of a fee contract and proof of fees actually incurred or paid are not prerequisites to the recovery of attorney's fees in Texas." *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 520 (Tex. App.—Fort Worth 2009, no pet.); *see also Brown v. Comm'n for Lawyer Discipline*, 980 S.W.2d 675, 684 (Tex. App.—San Antonio 1998, no pet.) (affirming award of attorneys' fees to attorneys representing the Commission pro bono). Thus, the pro bono

11

representation by Hadlock's counsel does not prohibit the recovery of attorneys' fees.

Gluck also contends that the award of attorneys' fees is excessive because Hadlock's counsel agreed that the amount of fees was not typical for a landlord-tenant case, because Hadlock's attorneys' fees were more than twice the amount of Gluck's attorneys' fees, and because Hadlock's counsel failed to segregate the time spent prosecuting claims for which fees are not recoverable. However, Hadlock's counsel did testify about segregated fees. Specifically, Hadlock's counsel testified that a reasonable fee in his opinion would be $12,895 but that a reduction "probably in the range of ten percent" was necessary because some of the time billed "was spent on claims for which attorneys' fees are not recoverable."

In addition, Hadlock's counsel testified that the fees are based on an hourly rate of $200, that he has been practicing law for five years in Dallas County and Tarrant County, that the total amount of fees is reasonable, that much of the time was spent attending court for numerous motions that were filed and a deposition noticed by Gluck, and that a reasonable fee for the case—taking the segregation of non-recoverable fees into account—is $10,000. On cross-examination, Hadlock's counsel agreed that most landlord-tenant cases are "resolved fairly quickly" and do not typically involve fees near $10,000 but that the fees sought "were really actually kind of low" based on what had to be done in this case. Thus, Hadlock's counsel testified about four of the eight *Arthur*

12

*Anderson* factors. *See Arthur Andersen & Co.*, 945 S.W.2d at 818; *see also AMX Enters., L.L.P.*, 283 S.W.3d at 520 (discussing uncontroverted evidence of four of eight *Arthur Anderson* factors).

Finally, even though the $10,000 attorneys' fee award exceeds the damages awarded and the fees charged by Gluck's counsel, these do not necessarily render the award of $10,000 excessive. Hadlock's attorney testified about the services required given the unique circumstances of this case. *See Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 685 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (affirming $30,000 attorney fee award in case involving $7,035.26 in actual damages); *Cordova v. Sw. Bell Yellow Pages, Inc.*, 148 S.W.3d 441, 445–49 (Tex. App.—El Paso 2004, no pet.) (affirming fee award of $18,007 in case involving $7,092.18 in actual damages); *see also Norris v. Jackson*, No. 02-09-00265-CV, 2010 WL 4261541, at *10–12 (Tex. App.—Fort Worth Oct. 28, 2010, no pet.) (mem. op.) (affirming award of $27,500 in attorneys' fees in case involving $9,000 in damages).

Applying the appropriate standards of review, we hold that legally and factually sufficient evidence supports the award of $10,000 in attorneys' fees. We also hold that the award of $10,000 in attorneys' fees is not excessive. *See Cent. Ready Mix Concrete Co.*, 228 S.W.3d at 651; *Pool*, 715 S.W.2d at 635; *Bank of Tex.*, 276 S.W.3d at 685; *Cordova*, 148 S.W.3d at 445–49. We overrule Gluck's sixth and seventh issues.

13

## IV. Conclusion

Having overruled each of Gluck's seven issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: March 17, 2011