# NO. 12-11-00303-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ENBRIDGE PIPELINES (EAST TEXAS) L.P., APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *GILBERT WHEELER, INC., APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *OPINION ON REHEARING*

Enbridge Pipelines (East Texas) L.P. (Enbridge) filed a motion for rehearing, which is granted. We withdraw our opinion and judgment of October 17, 2012, and substitute the following opinion and judgment in its place.

Enbridge appeals the trial court's judgment entered in favor of Appellee Gilbert Wheeler, Inc. (Wheeler). Enbridge raises eleven issues on appeal. We reverse and render.

## BACKGROUND

Gilbert and Katherine Wheeler owned a one hundred fifty-three acre tract of rural, wooded property in Shelby County, Texas, that they called the "Mountain."[1] There was a cabin on the property, in which the Wheelers enjoyed spending their leisure time. The location of the cabin provided the Wheelers a pleasing view of, among other things, a variety of trees on the property.

In October 2007, the Wheelers entered into negotiations with independent contractors working for Irv Nelson Associates Field Services, Inc. (INA) on behalf of Enbridge and another

---

[1] Since 1988, the "Mountain" has been owned by Gilbert Wheeler, Inc.

contractor representing Enbridge for a right of way agreement (ROWA) to permit Enbridge to construct a pipeline across the Wheelers' property. During negotiations, Gilbert Wheeler expressed great interest in protecting the trees on the property. As a result of these negotiations, Gilbert Wheeler's son, Don Wheeler, drafted the ROWA containing the following pertinent language: "The Grantee agrees to lay the pipeline by using the boring method and without any excavation on said easement." Gilbert Wheeler executed the ROWA as President of Gilbert Wheeler, Inc. on October 26, 2007. The executed ROWA was forwarded via email to Irv Nelson, who forwarded it to four Enbridge representatives along with the comment, "Tract S-56 Wheeler Inc.—looks ok." Later that day, Enbridge delivered payment to Wheeler. On November 6, 2007, INA filed and recorded the ROWA with the Shelby County Clerk.

Enbridge proceeded to construct the pipeline. It employed TSC Sieber to perform the work. Sieber hired G.B. "Boots" Smith to perform the necessary directional drilling. However, despite the boring provision in the ROWA, the contractors bulldozed the easement, destroying the trees and other vegetation on it, disturbing the soil, and disrupting the natural, meandering flow of a stream in that area of the property. The three hundred foot area affected is visible from the Wheelers' cabin.

On December 6, 2007, Wheeler filed the instant suit for, among other things, breach of contract and trespass and sought damages for injury to the property. The matter proceeded to a jury trial. The trial court submitted both the contract and trespass issues to the jury. The jury found Enbridge liable for both breach of contract and trespass and awarded damages for each cause of action. Wheeler elected to recover the "cost to restore" damages awarded for breach of contract, and this appeal followed.

## MEASURE OF DAMAGES TO REAL PROPERTY AND NECESSARY JURY FINDINGS

In its eighth issue, Enbridge argues that the trial court erred in failing to submit to the jury the issue of whether the injury to Wheeler's property was permanent or temporary.[2]

---

[2] In its statement of its eighth issue, Enbridge suggests that the question was a predicate to the trespass question. However, in its discussion of the issue, it refers us to the argument it made before the trial court that a jury finding on the nature of the property injury was necessary to determine the appropriate measure of damages. We conclude that Enbridge's briefing of its eighth issue is properly construed to incorporate the broad argument it made to the trial court. *See* TEX. R. APP. P. 38.1(f), 38.9.

## Standard of Review

A trial court has wide discretion in submitting jury questions as well as instructions and definitions. *Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 431 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). This discretion is subject only to the requirement that the questions submitted must (1) control the disposition of the case, (2) be raised by the pleadings and the evidence, and (3) properly submit the disputed issues for the jury's determination. TEX. R. CIV. P. 277, 278; *Moore v. Kitsmiller*, 201 S.W.3d 147, 153 (Tex. App.–Tyler 2006, pet. denied); *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 577 (Tex. App.–Houston [1st Dist.] 1992, no writ). The trial court's judgment will not be reversed for charge error unless the error was harmful, i.e., it probably caused the rendition of an improper verdict or probably prevented the petitioner from properly presenting the case to the appellate courts. TEX. R. APP. P. 44.1; *see also Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009). Charge error is generally considered harmful if it relates to a contested, critical issue. *Hawley*, 284 S.W.3d at 856.

## Measuring Damages for Injury to Real Property

When injury to real property is involved, the correct measure of damages is a fact specific inquiry. *See Hall v. Hubco, Inc.*, 292 S.W.3d 22, 32 (Tex. App.–Houston [14th Dist.] 2006, pet. denied). The general principles for measuring damages for injury to real property apply in a variety of cases irrespective of whether the injury arises from contract or tort. *See id.* at 32 n.4.

### *Damages for Permanent versus Temporary Injury*

A party cannot recover damages for both permanent and temporary damages in a single action because the concepts of permanent and temporary injuries are mutually exclusive. *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex. 1978); *Yancy v. City of Tyler*, 836 S.W.2d 337, 340 (Tex. App.–Tyler 1992, writ denied). Similarly, the measure of damages for each type of injury is different. *Yancy*, 836 S.W.2d at 340. Where land is found to have been permanently injured, the landowner is entitled to recover the difference in the value of the property before and after its injury or, in cases where there is no reduction in market value, the landowner may recover intrinsic value damages. *See Yancy*, 836 S.W.2d at 340; *see also Porras v. Craig*, 675 S.W.2d 503, 506 (Tex. 1984) (discussing recovery of intrinsic value damages arising from destruction of ornamental vegetation). On the other hand, where the injury to the land is found to be temporary, the plaintiff can recover the amount necessary to place it in the same position it

occupied before the injury, i.e., the cost to restore. *See Trinity & S. Ry. v. Schofield*, 10 S.W. 575, 576–77 (Tex. 1889); *Weaver Constr. Co. v. Rapier*, 448 S.W.2d 702, 703 (Tex. App–Dallas 1969, no writ).

Subject to exceptions not applicable to the case at hand, whether injury to real property is permanent or temporary is a question of fact. *Cook v. Exxon Corp.*, 145 S.W.3d 776, 784 (Tex. App.–Texarkana 2004, no pet.). Consequently, before damages for injury to real property may be awarded, the plaintiff must first obtain a finding on whether the injury to the land was permanent or temporary. *See Garey Constr. Co., Inc. v. Thompson*, 697 S.W.2d 865, 866–67 (Tex. App.–Austin 1985, no writ) (overruling issue concerning failure to submit to jury issue of permanent versus temporary injury to real property because appellant failed to object to omission of question); *see also Schofield*, 10 S.W. at 577 ("[w]hether the injury [is] . . . permanent or temporary . . . and the consequent amount of damages . . . are all questions for the determination of the jury").

## Preserving Error on Omission of Charge Question on Nature of Injury

There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992). The more specific requirements of the rules should be applied, while they remain, to serve rather than defeat this principle. *Id.* If an issue is properly pleaded and is supported by some evidence, a litigant is entitled to have a controlling question submitted to the jury. *See* TEX. R. CIV. P. 278; *Triplex Commc'ns v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995). A trial court may refuse to submit a question to the jury if the issue is uncontroverted. *See Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holding, Inc.*, 210 S.W.3d 563, 580 (Tex. App.– Austin 2007, pet. denied).

In the case at hand, Enbridge initially sought to have the trial court find that the evidence conclusively supported that the injuries to Wheeler's property were permanent. The trial court expressly declined to rule on this request. Thereafter, at the charge conference, Enbridge objected to the omission of a question asking the jury to determine whether the injury to Wheeler's property was permanent or temporary. Specifically, in their exchange on this issue before the trial court, the parties argued as follows:

[Enbridge's Counsel #1]: I think where our question is, if we are going to submit this and not have the Court deem this to be a permanent injury, we're entitled under your Question No. 2 to have the Court have the - - or as a predicate before you get to Question No. 2,[3] have the jury determine whether this is temporary or permanent, and then an opportunity for the jury to assess these as permanent damage. If there is a conflict in whether it's temporary or permanent, and the Court is not going to rule as a matter of law, the jury is certainly entitled to choose between those two because they're mutually exclusive.

[Wheeler's Counsel]: Well, Your Honor, the - - whether something is temporary or permanent is based on, you know, the comparison between cost of restoration an - - and diminution of value. However, even if there are permanent damages, we're relying on an exception to the general rule, which allows recovery for intrinsic value of trees.

So - - and under breach of contract, the general rule is you get the cost of restoration. So we've got a question in here about the diminution, the fair market value; I'm sure the jury is going to answer it. If we want, I suppose we could just ask this question unconditionally and just say, you know, by what amount did the - - did the law - - did destruction cause to the property, but cause of diminution in the fair market value - - you know, the loss of the trees. But I think that we have got it phrased appropriately.

. . . .

[Enbridge's Counsel #2]: Well, they'll have the jury answering two separate damages questions. Before the jury can even address the proper measure of damages, it's got to determine the character of the injury to the real property. Now, there's reams of case law on that. The jury has heard evidence as to permanent injury to the land and temporary injury to the land.

So the jury has to determine the character of the injury before the proper measure of damages can be considered by the jury. There should be a series of conditional - -

. . . .

The Court: Okay. I'll say it one more time. I'm not making a ruling at this time. Can I say that any clearer? Or - - I'll try to - - any question in your mind as I'm not making a ruling at this time as far as the damages being permanent or temporary.

[Enbridge's Counsel #1]: No, Your Honor, I'm clear on that. And what I am concerned about in light of that is that we need a jury question based upon the Court's ruling that asks the jury whether or not these are temporary or permanent injuries, and let the jury make that determination. Case law is very clear that when there is conflict and the Court has not made such a ruling as a matter of law, it is a question for the jury, and the jury is entitled to make that determination.

The Court: We're going to have to bring in and get started on the rest of the evidence. And I guess we'll take [this up at the] charge conference.

. . . .

The Court: That's the approach I'd like to take, is get some answers from the jury on the fact questions and then make a determination as to the - - as a legal matter as to whether the damages should be permanent or temporary.

[Wheeler's Counsel]: Very good, Your Honor.

---

[3] Question 2 was the first damages question presented to the jury and related to damages for Enbridge's violation of the ROWA.

. . . .

[Enbridge's Counsel #1]:  If I could respond, Your Honor, to that.  If we don't ask the jury - - as I understand it, we have made a motion for the Court to deem this to be a permanent injury, and the Court has denied that motion.  But the Court has said that a decision will not be made by the Court as - - at this time as to whether the injury is temporary or permanent.

In light of that position, the Plaintiffs are required to ask the jury for a finding factually as to whether or not this injury is temporary or permanent.  There is no question in the Plaintiff's charge asking the jury whether the injury is temporary or permanent; there is only an assumption that it is temporary and the damage question predicated on that assumption.  They only asked the jury one valid question, and that is based on temporary damages.  That will not allow the Court to make a determination later because there's no finding or issue or any reference to a permanent injury or the proper measure of damages.

And we believe, in light of the decision by the Court, and in light of the position taken by the Court, there has to be a question in this charge submitted by the Plaintiffs as to whether or not this injury is temporary or permanent, that the jury is allowed to determine and predicate damages based upon either on that they find.

. . . .

[Wheeler's Counsel]:  Judge, if she's concerned that we're not submitting our case properly - - we believe we are, and that's our risk.  If we don't get a finding for relief, then you can deal with that at the judgment phase.

. . . .

[Enbridge's Counsel #1]:  [Question number five], which is also a damages question for diminution and fair market value.  The law is very clear that you can have permanent damages - - or you can have temporary damages which are mutually exclusive; you cannot have both.  And this is their attempt to recover both of them under a theory that's not recognizable under the situation at fault.

We conclude that Enbridge undoubtedly made the trial court aware of its complaint timely and plainly.  *See* ***Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.***, 937 S.W.2d 60, 70 (Tex. App.–Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998) (when objection made and court made no change in charge, it is presumed that objection was properly and timely presented and overruled).

## Omission Over Objection of Charge Question on Nature of Injury

If a question omits some essential element of a ground of recovery and the element or ground is submitted to the jury over the objection of the party without the burden of proof, the objecting party is entitled to rendition of judgment in its favor, even if the jury returns a finding on the submission in favor of the party with the burden of proof.  *See* TEX. R. CIV. P. 279; ***Mangum v. Turner***, 255 S.W.3d 223, 227 (Tex. App.–Waco 2008, pet. denied) (citing ***Payne***,

838 S.W.2d at 241 (Tex.1992); *McKinley v. Stripling*, 763 S.W.2d 407, 410 (Tex.1989)). An element omitted from the charge by the party with the burden of proof cannot be deemed in that party's favor when the other party objected to the omission of the missing element or requested its submission. *See* TEX. R. CIV. P. 279; *Payne*, 838 S.W.2d at 241. The objection or request places the burden of submitting a correct question on the party with the burden of proof, not the trial court, and the result of that party's failure to submit a correct question after objection is waiver of the ground.[4] *See McKinley*, 763 S.W.2d at 410; *Mangum*, 255 S.W.3d at 227. The refusal to submit a jury question is reversible error if it was reasonably necessary to enable the jury to render a proper verdict. *See* Tex. R. Civ. P. 277, 278; *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000).

As set forth above, Enbridge properly objected to the omission of the charge question. Nonetheless, the trial court submitted the charge without the question.

On appeal, Wheeler argues that it agrees with Enbridge that the injury was permanent, and, therefore, there was no need for the jury to resolve this question. It is apparent from the record, however, that its position at trial was to submit two separate damages questions to the jury—one based on a cost to restore measure (a temporary damages measure) and another based on intrinsic value of the trees (a permanent damages measure)—and to permit the trial court to determine the nature of the injury only after it was apparent what type of damages had been awarded. Wheeler's attempt on appeal to stipulate to the nature of damages does not excuse its failure to submit this fact issue to the jury.

Despite its ultimate intention to resolve the issue, which it expressed to the parties before the case was submitted to the jury, the trial court never made a finding on the nature of the injury. Wheeler made a motion for judgment, in which it elected the jury's award of $300,000 in damages for breach of contract based on a cost to restore measure. Enbridge filed a motion for judgment notwithstanding the verdict and a motion for new trial, in which it again addressed the lack of a finding regarding the nature of the injury to Wheeler's property.

Presently, despite Enbridge's requests and objections to the trial court, there is, ultimately, no factual finding on the nature of the injury to Wheeler's property. And because Enbridge objected to the omission of this issue on which Wheeler bore the burden of proof, we

---

[4] The trial court may make an express finding any time before it renders judgment. *See* TEX. R. CIV. P. 279.

7

may not deem a finding in support of the judgment. *See Payne*, 838 S.W.2d at 241; *Mangum*, 255 S.W.3d at 227. Accordingly, we need not consider whether the evidence conclusively establishes that the damages were either permanent or temporary. For even if the trial court could have properly refused to submit the issue to the jury on that basis, the fact remains that (1) the trial court did not make a finding, (2) the jury was not permitted to make a finding, and (3) we may not deem that fact found.[5] Consequently, Wheeler's damage awards lack a critical predicate. *See* TEX. R. APP. P. 44.1; *Thompson*, 697 S.W.2d at 866-67; *see also Schofield*, 10 S.W. at 577.[6] Therefore, since Wheeler failed to secure a finding on the nature of damages to real property, it was not entitled to an award of damages for this injury, whether the injury arises from contract or tort.[7] *See Thompson*, 697 S.W.2d at 866–67. Enbridge's eighth issue is sustained.[8]

<u>DISPOSITION</u>

Having sustained Enbridge's eighth issue and concluded that we need not address its remaining issues, we *reverse* the trial court's judgment and *render* judgment that Wheeler take nothing.

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered February 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

---

[5] On appeal, both parties operate under the assumption that the injury was permanent. But even assuming arguendo that the evidence at trial was conclusive that the injury to Wheeler's land was permanent, we could not deem this finding because we may not deem a finding that requires a different judgment than the one rendered by the trial court. *See Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 564 (Tex. 2002); *see also Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex. 1985) (holding court of appeals erred by deeming finding in support of verdict instead of final judgment). Here, the trial court rendered judgment based on the jury's award of "cost to restore" damages, a measure available only for temporary injury to land.

[6] We decline to hold that the instant case is within the limited exception that the general rule of damages for injury to land should be waived so as to obtain a just and equitable result when strict adherence to the general rule would result in an outcome which would be unfair or unjust. *See Lone Star Dev. Corp. v. Reilly*, 656 S.W.2d 521, 526 (Tex. App.–Dallas 1983, writ ref'd n.r.e.) (citing *B.A. Mort. Co. v. McCullough*, 590 S.W.2d 955, 957 (Tex. Civ. App.–Fort Worth 1979, no writ)).

[7] *See Hall v. Hubco, Inc.*, 292 S.W.3d at 32 n.4.

[8] Because our resolution of Enbridge's eighth issue is dispositive of the appeal, we do not address its remaining ten issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 13, 2013**

## NO. 12-11-00303-CV

**ENBRIDGE PIPELINES (EAST TEXAS) L.P.,**
Appellant
v.
**GILBERT WHEELER, INC.,**
Appellee

---

Appeal from the 273rd Judicial District Court
of Shelby County, Texas. (Tr.Ct.No. 07CV29,883)

---

THIS CAUSE came to be heard on the oral arguments, appellate record, and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED, and DECREED by this court that the trial court's judgment be **reversed** and judgment **rendered** that **GILBERT WHEELER, INC.** take nothing, and that all costs of this appeal are hereby adjudged against the Appellee, **GILBERT WHEELER, INC.**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9