# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2014

No. 13-20635

Lyle W. Cayce
Clerk

In the Matter of:  WEST HILLS PARK JOINT VENTURE, doing business as
WLP Properties, L.C.; J.A. DEVELOPMENT, L.C.,

Debtors

-----------------------------

RANDY W. WILLIAMS, Trustee of the West Hills Park Joint Venture
Bankruptcy Estate,

Appellant,

v.

HOME DEPOT USA, INCORPORATED,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2493

No. 13-20635

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Home Depot USA, Inc. and West Hills Park Joint Venture owned adjacent land where construction activity caused the loss of lateral support to land owned by yet another entity. A state court awarded over $2 million in damages against West Hills Park based on jury findings of strict liability and negligence. The bankruptcy trustee for West Hills Park then filed a federal lawsuit against Home Depot seeking contractual indemnification to cover the state court judgment on the ground that Home Depot was responsible for the conduct that caused the lack of lateral support. The district court rejected that claim after a bench trial, and the trustee now appeals.

## I.

As part of a plan to jointly develop a shopping center, West Hills Park sold land to Home Depot, retaining a contiguous tract of land for itself. Both tracts abutted property owned by Boxcars Properties, which operated an apartment complex on its parcel. The parties began construction by clearing, grading, and excavating their tracts; Home Depot and its subcontractors were directly responsible for excavating ten to fifteen feet of earth along the property line that separated the Home Depot and West Hills Park tracts from Boxcars' land. Boxcars soon noticed damage to its apartment complex—the brick facades and walls cracked, the floors buckled, the sheet rock between walls and ceilings separated, the balconies and roofs began leaking, and the foundation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

was damaged. Eventually, the property became uninhabitable and was condemned, requiring all of the tenants to vacate the building.

Boxcars sued Home Depot and West Hills Park, among others, in state court for damages to its apartment complex resulting from the development. Home Depot settled with Boxcars without admitting fault. After trial, a jury in Walker County, Texas found against West Hills Park on both strict liability and negligence claims and awarded $2,389,009.[1]

Shortly after entry of judgment in the state court action, West Hills Park filed a Chapter 11 bankruptcy petition. Randy Williams, as trustee of West Hills Park's bankruptcy estate, then sued Home Depot for contractual indemnity in the United States Bankruptcy Court for the Southern District of Texas. The case was later transferred to the district court following a withdrawal of the reference. The trustee argued that in spite of the state court verdict finding West Hills Park liable, it was actually Home Depot—the party performing the excavation—that was responsible for the conduct that gave rise to the state court judgment.

After a bench trial, the district court found that Home Depot was not contractually required to indemnify West Hills Park for two reasons. First, the district court found that the state court judgment finding West Hills Park liable was entitled to preclusive effect, barring West Hills Park from relitigating its fault in the indemnity suit. Second, even absent preclusion, the district court's independent review of the evidence led it to conclude that West Hills Park proximately caused damage to Boxcars because it failed to conduct or obtain studies on the effect of the developmental work on the adjacent land

---

[1] This figure represents the net jury award after a settlement credit of $867,500 but does not include interest that was awarded.

No. 13-20635

and failed to notify Boxcars of that work.

## II.

West Hills Park and Home Depot's 2001 "Reciprocal Easement and Operation Agreement" is the basis for West Hills Park's indemnity claim. Paragraph 4.1, "Liability: Indemnification," states:

> Each Owner shall indemnify, defend, save and hold every other Owner, tenant, and occupant of the Center harmless (except for loss or damage resulting from the tortious acts of such other parties) from and against any damages, liabilities, actions, claims, and expenses (including attorneys' fees in a reasonable amount) in connection with the loss of life, bodily injury, personal injury and/or damage to property arising from or out of any occurrence in or upon such Owner's Parcel, or occasioned wholly or in part by any act or omission of said Owner, its tenants, agents, contractors, employees, or licensee.

The trustee acknowledges that this language does not impose an indemnity obligation on Home Depot for the "the tortious acts of . . . other parties" like West Hills Park. He nonetheless seeks to hold Home Depot liable for the state court judgment against West Hills Park by arguing that it was Home Depot's conduct that gave rise to that verdict.

The express negligence doctrine alone may be sufficient to deny West Hills Park's indemnity claim. Under that doctrine, contractual indemnification for a party's own negligence or strict liability must be clearly and expressly stated within the four corners of the contract. *Ethyl Corp. v. Daniel Const. Co*, 725 S.W.2d 705, 708 (Tex. 1987); *Hous. Lighting & Power Co. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 890 S.W.2d 455, 458–59 (Tex. 1994) (extending the express negligence doctrine to cases involving indemnity for strict liability). Not only does the indemnity agreement between Home

4

Depot and West Hills Park fail to meet that high standard, it expressly disavows indemnification for the tortious conduct of another party to the agreement.

At least some caselaw indicates that this should be the end of the matter—because the trustee is seeking indemnification for a state court judgment that found West Hills Park liable, the express negligence doctrine bars that claim as a matter of law.  For example, a Texas Court of Appeals refused to allow a party that settled a personal injury case to avoid the express negligence doctrine by proving in a separate case that it was actually the conduct of the indemnitor that gave rise to its liability in the underlying case.  *See Gilbane Bldg. Co. v. Keystone Structural Concrete, Ltd.*, 263 S.W.3d 291, 298 (Tex. App.—Hous. 2007, no pet.).  *Gilbane* reasoned that allowing the indemnitee to relitigate its liability in a separate suit "retards rather than advances the policy of preventing satellite litigation regarding interpretation of indemnity contracts."  *Id.* (quoting *Fisk Elec. Co. v. Constructors & Assocs.*, 888 S.W.2d 813, 815 n.2 (Tex. 1994)).

In any event, even if the express negligence doctrine did not automatically bar the trustee's separate case seeking indemnification, we see no reason to disturb the district court's thorough and well-reasoned ruling rejecting the trustee's claim.

The district court first determined that the issue of West Hill Park's tortious conduct was fully resolved in the state court case and entitled to preclusive effect.  Under Texas law, issue preclusion applies if "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."  *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990).  The second element is

often not established when alternate holdings support a judgment.[2]  *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 97 (Tex. App.—Eastland 2010, pet. denied) ("The general rule is that there cannot be estoppel by alternative holdings.").  The trustee relies on that principle to avoid application of issue preclusion, citing the jury's finding that West Hills Park was liable under both strict liability and negligence theories.

The district court correctly held, however, that the negligence finding was essential to the judgment because only that finding allowed for the damages for improvements to land included in the state court verdict.  It has long been held that damages for improvements to land require a finding of negligence.  *See Simon v. Nance*, 100 S.W. 1038, 1040 (Tex. Civ. App.—Austin 1907, no writ) ("[The] absolute right [of lateral support] is limited to the soil itself, and does not apply to buildings or other structures which have been placed upon the land.  When it is sought to recover damages to improvements which have been placed upon the land, then, as a general rule, the question of negligence becomes an important factor."); *see also Comanche Duke Oil Co. v. Tex. Pac. Coal & Oil Co.*, 298 S.W. 554, 559–60 (Tex. Comm'n App. 1927) ("[I]f the 'adjoining owner' had an improvement on or in his land (say, a cased well) and as a proximate result the improvement were injured through destruction of 'lateral support,' liability would attach if an ordinarily prudent man, thus circumstanced, would not have sunk a well so near the boundary as that supposed.").  West Hills Park argues that *B.A. Mortgage Co. v. McCullough*, 590 S.W.2d 955 (Tex. Civ. App.—Fort Worth 1979, no writ), creates an exception to this rule.  But the exception noted in *McCullough* refers to the

---

[2] An exception exists when the alternate holdings are "rigorously considered."  *Eagle Props.*, 807 S.W.2d at 722.  The district court found that this exception would apply even if it erred in determining that the negligence finding was essential to the judgment.

measure of damages for *unimproved* land. 590 S.W.2d at 957 (calculating the proper measure of damages for loss of lateral support when adjacent land suffered vertical drop in height). Neither *McCullough* nor any of the other Texas cases West Hills Park cites allow strict liability to support an award for damage to improvements.[3] Because the negligence finding was the only legally permissible basis for the damages awarded to compensate for harm to the apartment complex, the district court properly determined that the state court finding was entitled to preclusive effect.

In addition to its preclusion holding, the district court reviewed the evidence as a matter of first impression and concluded that West Hills Park's omissions proximately caused damages to Boxcars. In reaching this conclusion, the district court emphasized (1) West Hills Park's failure to obtain studies on the impact of clearcutting, excavating, and grading on the adjoining property, and (2) its failure to notify Boxcars of the effects of the development, which led to the lost opportunity to detect early signs of damage. Contrary to West Hills Park's arguments, these omissions constitute "activity on land" for

---

[3] The Second Restatement of Torts and some other states have adopted the so-called "English Rule" which allows damages for improvements to be awarded for strict liability upon a certain factual finding: "In England, and in some states in this country, it appears to be settled that, if the land would have fallen away, even without the building, as a result of the excavation of adjoining land, the owner may recover for damage to the building as well as to the land." 3 HERBERT T. TIFFANY & BASIL JONES, THE LAW OF REAL PROPERTY § 753 (3d ed.) (citing cases); *see, e.g.*, *Catalano v. Woodward*, 617 A.2d 1363, 1369 (R.I. 1992); *see also* RESTATEMENT (SECOND) OF TORTS § 817 ("Illustration: . . . A and B are severally in possession of lands. There is a heavy building on A's land. B makes an excavation in his land for the purpose of building a house on it. A's land falls into this excavation. If A's land would not have fallen if there had been no building on it, B is not liable under the rule stated in this Subsection. If A's land would have fallen if there had been no building on it, B is liable under the rule stated in this Subsection."). But the English rule has not been applied in Texas and the trustee did not try to prove that the land would have fallen if there had been no building on it.

7

the purpose of finding liability. *See* 3 TIFFANY & JONES, *supra* note 3, § 753 ("[T]he excavating landowner or the excavator is under a duty to give notice to an adjoining property owner who has a building on his land. And it has been regarded as evidence of negligence that he omitted, before making the excavation, to notify the adjoining owner of his intention to make it." (internal citations omitted)). The district court engaged in a comprehensive analysis of the evidence to support its findings, which easily survive our review for clear error.

For the above reasons and the others relied upon by the district court in its detailed ruling, we AFFIRM.